IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:07-CV-0042-MEF |
| ) | |
| GLOBAL CONNECTION, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed February 15, 2007). Pending is Plaintiff's *Rule 56(a) Motion for Summary Judgment Pursuant to Rule 9(b) Fraud-Rico Allegations* (Doc. 7, filed March 9, 2007) and *Defendant Global Connection's Response to Plaintiff's Motion for Summary Judgment* (Doc. 10, filed April 9, 2007). For good cause, it is the Recommendation of the Magistrate Judge to deny the Motion for Summary Judgment.

### I. PARTIES

Plaintiff, Alonzo Austin ("Austin" or "Plaintiff") is a resident of Tuskegee in Macon County, Alabama, within the Middle District of Alabama.

Defendant Global Connection ("Defendant") is incorporated in the state of Georgia with its principle place of business being located in Atlanta, Georgia.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF CASE AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff initiated this action on January 12, 2007. *See* Doc. 1. Plaintiff's Complaint alleges that on November 11, 2005, Plaintiff entered into an oral agreement with Defendant to receive phone services including one hundred (100) free long distance minutes if he permitted Defendant to automatically draft his credit card on a monthly basis. *Id*. ¶ 3. Plaintiff alleges Defendant did not provide the 100 free long distance minutes and so Plaintiff switched to another provider. *Id*. ¶ 4. Plaintiff further alleges Defendant ignored his oral contract termination notice and drafted his credit card on January 6, 2006 after the notice. *Id*. Plaintiff alleges he relief upon false representation made by Defendant causing him actual damages of $119.98. *Id*. ¶ 9, Count I. Plaintiff further alleges fraud (Count II) and mail fraud (Count III). Plaintiff avers his actual damages for Count II are $46.99 and punitive damages for Counts II and III are $30,000. *Id*. ¶ 9, Counts II-III. In his Motion for Summary Judgment, Plaintiff also alleges a pattern of racketeering activity. *See* Doc. 7 ¶ 5. Plaintiff avers he communicated with Defendant on a daily and weekly basis to demand the free long distance minutes. *Id*. ¶ 3.

On March 9, 2007, Plaintiff moved for summary judgment. *See* Doc. 7. Plaintiff's

Motion for Summary Judgment appears to be another statement of his allegations. He attaches as exhibits a copy of a credit card draft on January 6, 2006 for $46.99 (Exhibit A) and a check from Defendant in the amount of $21.99 (Exhibit B).

Defendant denies Plaintiff's allegations in its Answer. *See* Doc. 4. Additionally, Defendant, in response to the Court's order, filed a response to the Motion for Summary Judgment on April 9, 2007. *See* Doc. 10. Defendant again denies the alleged representation that Plaintiff would receive free long-distance services. *See* Doc. 10 ¶ 1 and Exhibit A. Further, Defendant states Plaintiff actually received free long distance in December 2005 and January 2006. *Id.* ¶ 2. Finally, Defendant denies the communication alleged by Plaintiff in Doc. 7 ¶ 3. Defendant offers as evidentiary support an affidavit by Sam Abdallah, principal officer of Global Connection. *See* Doc. 10, Ex. A.

### IV. STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary

judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary

judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson*, 263 F.3d at 1242-43; *Smith v. F.D.I.C.*, 61 F.3d 1552, 1562 n. 18 (11th Cir. 1995) (on summary judgment, the court resolves all reasonable doubts about the facts in favor of the nonmovant). Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S.Ct. at 2552.

### V.  DISCUSSION AND ANALYSIS

As noted above, summary judgment is only appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Plaintiff has failed to carry his initial burden and establish there is no genuine issue of material fact since Defendant has clearly denied Plaintiff's allegations

through its response and the affidavit of Sam Abdallah. *See* Doc. 10, Exhibit A. Defendant explicitly denies Plaintiff's allegations and asserts facts that directly contradict Plaintiff's allegations. Specifically, Defendant states it did not represent Plaintiff would receive free long distance minutes but also states Plaintiff received some long distance minutes in December 2005 and January 2006. As such, there is clearly a factual dispute that cannot be resolved by summary judgment. Consequently, Plaintiff's Motion for Summary Judgment must be denied.

## VI.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1)   Plaintiff's *Rule 56(a) Motion for Summary Judgment Pursuant to Rule 9(b) Fraud-Rico Allegations* (Doc. 7, filed March 9, 2007) be **DENIED.**

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **April 30, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 17th day of April, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE