IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED 2007 MAR 29 P 3:27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Alonzo Austin,
    Plaintiff,
v.                                   Case Number:
Global Connection, Inc.
of America                           3:07-CV-042-MEF
CEO/CFO - Sam Abdallah
Rachelle Copeland
and Global Connection Inc.
of Alabama et., al.,
    Defendant(s)

**PLAINTIFF ALONZO AUSTIN'S AMENDED COMPLAINT ADDING PARTIES AND FOR FRAUD - RICO ALLEGATIONS TO DOCUMENT #6-1 Dated 02/15/07's SPECIAL MATTERS Pursuant to [F.R.C.P. 9(b)] and Rule 15(a)**

1. Plaintiff Alonzo Austin, alleges that as a result of Racketeering on the part of the Defendant(s), I have suffered damages and I further allege that the act which caused the injury was performed for financial gain by Defendant(s) Global Connection Inc. of America, Sam Abdallah, Rachelle Copeland and Global Connection Inc. of Alabama, utilizing both mail and wire fraud.

2. That on November 11, 2005 the Defendant Global Connection INC. OF AMERICA, Falsely and fraudulently and with intent to defraud the Plaintiff Alonzo Austin, represented to the Plaintiff Alonzo Austin, that if Plaintiff Alonzo Austin, would agree to allow Defendant Global Connection INC. OF AMERICA, to Draft Plaintiff Alonzo Austin's Credit Card Account For monthly Local and Long Distance Services. Plaintiff Alonzo Austin, would received 100, Long Distance Minutes FREE For Doing So., and if Plaintiff Austin, desired any additional Long distance Minutes they could be Purchased, at a rate of 5.9¢ per minute. Plaintiff Austin, then Paid by Credit Card $69.99 For Prepayment For the Month of November and Yr 2005. For (Silver Plan Choice) $64.99 Price included: $49.99 Monthly Service $10.00 FCC + Telecom. Taxes and $10.00 Activation Fee.

3. Those representations were false in fact and known to be false by the defendant, at the time they were so made, and in truth and in fact the only Long distance Minutes received by plaintiff, were the Long distance minutes paid for by Plaintiff. at 5.9¢ a minute.

4. Plaintiff, relied upon the representations and was thereby induced. The defendant did draft plaintiff, Credit Card for the Months of November 2005 and December 2005 with Plaintiffs, Consent. However, defendant, did not provide the 100 Free Long Distance Minutes as promised and after daily and weekly demands by Plaintiff of defendants to add said minutes to the Long distance account. without success. Plaintiff, informed Defendants of the pending Termination on January 6, 2006. because Defedant's failure to provide the 100 Free Long distance Minutes as promised which resulted in the damages demanded. Moreover Defendant ignored Termination Notice and acted intentionally, Willfully, Wantonly and Maliciously, for profit. and without Just Cause, When plaintiff account was drafted on 1/06/2006 for $46.⁹⁹, See Exhibit "A" Attached by Defedant Global Connection Inc. of America. et al

5. That Defendant(s) Global Connection INC. of America et al executed this scheme to defraud by causing matters to be mailed and delivered by the United States Postal Service namely the monthly bill, thus the defendant(s) committed acts of mail fraud in this instance indictable under 18 U.S.C. §1341. Defendant(s) also caused sounds to be transmitted by means of wire communications in interstate commerce when they drafted Plaintiff(s) Austin, Credit Card under this scheme to defraud specifically on January 6, 2006, November 11, 2005, and on or near December 7, 2005 Resulting in Wire Fraud indictable under 18 U.S.C. §1343 for monthly services. Finally a fraudulent check sent through the United States Mail addressed to Plaintiff(s) Austin. Defendant's actions in this instance amounted to a pattern of mail fraud in as much as Fraudulent Check #12577 dated 1/12/06, Invoice dated December 28, 2005 #978801 and invoice dated November 23, 2005 #939919 was sent through the U.S. mail within a 3 month period. From November through January, 2006.

6. That Defendant(s) actions constitutes "Racketeering Activity" within the meaning of 18 U.S.C. §1961(1) and all of which collectively constituted part of a "Pattern of Racketeering Activity" within the meaning of 18 U.S.C. §1961(5)

## COUNT IV
## THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT.

7. Plaintiff ALONZO AUSTIN, alleges that Count IV arises under the "Racketeer Influenced and Corrupt Organizations Act." 18 U.S.C. § 1961 et seq., Jurisdiction is based on 18 U.S.C. § 1965(a) Venue is based on 18 U.S.C. § 1965(a).

8. Plaintiff, hereby incorporates by reference all the allegations contains in paragraphs 1 through 13, Counts I, II, III, and damages Demanded of Defendants Global Connection INC. of America et. al, Sub sections (a) (b) and (c) of Original Complaint (Doc. #6 filed on 2/15/07) and as amended Count IV containe herein, 1 through 11.(a) and (b).. Combined...

9. Defendant(s) Global Connection INC. OF AMERICA Mailings Contained false statements.

10. Defendant(s) also Fraudulently drafted Plaintiff(s) Credit Card on January 6, 2006 after Termination of Agrem.

11. Defendant(s) fraudulent Conduct was accompanied by Malice, Moral Turpitude, Wantonness, and indifference to the rights of Plaintiff, Austin, Resulting in exemplary damages.

WHEREFORE Plaintiff, Prays,
(a) For Punitive Damages against Defendants of $100,000.00
(b) For such relief that is Just and Proper.

6/28/07                    by: Alonzo Austin, Pro Se

Alonzo Austin Pro Se