IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

Alonzo Austin,                                    )
                                                  )
Plaintiff,                                        )
                                                  )
v.                                                ) CASE NO. 3:07-CV-042
                                                  )
Sam Abdallah, Rachelle Copeland,                  )
Global Connection Inc. of America                 )
and Global Connection Inc. of                     )
Alabama,                                          )
                                                  )
Defendants.                                       )

## MOTION TO AMEND SCHEDULING ORDER

COME NOW the Defendants in this action and file this their Motion to Amend Scheduling Order and show as follows:

1.

The Court promulgated a Scheduling Order in this cause on May 24, 2007.

2.

Upon Motion of the Plaintiff, the Scheduling Order was amended by the Court on June 12, 2007.

3.

Since that time, both parties made discovery requests and the Defendants requested that the Plaintiff make himself available for deposition.

4.

Defendants have responded to Plaintiff's discovery requests, lodging objections to some of the requests made by Plaintiff which, in the view of Defendants, are not relevant to this cause.

5.

Plaintiff claims that he did not receive the discovery responses from Defendants until December 14, 2007 and claims further he has not had an opportunity to fully review them.

6.

Defendants anticipate Plaintiff will want to have leave to take further steps to seek the balance of the information he has requested from the Defendants that was objected to by Defendants.

7.

The Defendants served discovery requests on the Plaintiff on or about September 17, 2007.

8.

The Defendants also requested by letter on or about September 17, 2007 and again on or about October 17, 2007 that the Plaintiff make himself available for deposition.

9.

To date the Plaintiff has neither responded to Defendants' discovery nor made himself available for deposition.

10.

The Plaintiff claims that he did not receive any of the Defendants' discovery requests or request to take his deposition until December 14, 2007.

11.

Defendants have not been able to prepare any dispositive motions due to the Plaintiff's failure to timely comply with Defendants' discovery requests.

12.

Plaintiff has, by his own allegations, been unable to file a renewed dispositive motion due to his claim that he had not received Defendants' discovery.

13.

Both parties will be prejudiced by an inability to fully complete discovery.

14.

It is in the interest of judicial economy to allow the filing of dispositive motions after full compliance by both parties with discovery requests.

15.

In support of this Motion, Defendants have attached as Exhibit "A" the correspondence to Plaintiff from Defendants, Defendants' Responses to Plaintiff's Discovery and Defendants' Discovery Requests to Plaintiff.

16.

Therefore, the Defendants respectfully request that the Scheduling Order be amended to allow discovery until 2/15/08 and extending the deadline for filing of dispositive motions to 2/15/08.

This 17th day of December, 2007.

MCKOON & ASSOCIATES

*/s/ Joshua Robert McKoon*

By:_____

    Joshua Robert McKoon

Counsel for Defendants
925 Broad St
Phenix City, AL 36867
334.297.2300
Facsimile 334.297.2777

## CERTIFICATE OF SERVICE

Counsel for the Defendant has this day served the foregoing on the Plaintiff via facsimile at 334.727.2159 and First Class Mail at the following address:

Alonzo Austin

1321 Oliver Carus Road

Tuskegee, Alabama 36083

This 17th day of December, 2007.

*/s/Joshua R. McKoon*

_____

Counsel for Defendant

# MCKOON & ASSOCIATES
## ATTORNEYS AT LAW
POST OFFICE BOX 3220
PHENIX CITY, ALABAMA 36868-3220
**(334) 297-2300**

JAMES R. MCKOON, JR. *
E-Mail - JRMcKoon@aol.com

STREET ADDRESS:
925 BROAD STREET
PHENIX CITY, ALABAMA 36867

FAX NUMBER:
(334) 297-2777

JOSHUA R. MCKOON  **
E-Mail - jrm2016@yahoo.com

* LICENSED IN ALABAMA ONLY
** LICENSED IN ALABAMA AND GEORGIA

December 14, 2007

Joshua R. McKoon
(334) 297-2300
facsimile (334) 297-2777
e-mail JRM2016@yahoo.com

**VIA HAND DELIVERY**
Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

Re:    Alonzo Austin v. Global Connection
       Civil Action No.:    3:07-CV-042
       Our Client:          Global Connection

Dear Sir:

Enclosed are my letters of September 10, 2007; September 17, 2007; October 17, 2007; Responses to Plaintiff's Discovery Requests; Defendants' Discovery Requests to Plaintiff and Defendants' Response to the Court's Show Cause Order filed November 30, 2007. I am also here today to conduct our face to face meeting to attempt to resolve the matter without further litigation. Thank you for your time and attention.

Sincerely,

McKoon & Associates

By:    Joshua R. McKoon

JRM

# McKOON & ASSOCIATES
## ATTORNEYS AT LAW
POST OFFICE BOX 3220
PHENIX CITY, ALABAMA 36868-3220
**(334) 297-2300**

JAMES R. MCKOON, JR. *
E-Mail - JRMcKoon@aol.com

STREET ADDRESS:
925 BROAD STREET
PHENIX CITY, ALABAMA 36867

FAX NUMBER:
(334) 297-2777

JOSHUA R. MCKOON  **
E-Mail -  jrm2016@yahoo.com

* LICENSED IN ALABAMA ONLY
** LICENSED IN ALABAMA AND GEORGIA

September 10, 2007

Joshua R. McKoon
(334) 297-2300
facsimile (334) 297-2777
e-mail JRM2016@yahoo.com

**VIA FIRST CLASS MAIL**
Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

> Re:     Alonzo Austin v. Global Connection
> Civil Action No.:     3:07-CV-042
> Our Client:     Global Connection

Dear Sir:

Enclosed are Defendants' Responses to Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents. I would like to schedule your deposition as soon as possible. Please let me know some dates that would work for you. If you would like, we could try to find a place in Opelika or Auburn to meet to take the deposition so you will not have to travel very far. Thank you for your time and attention to this matter.

Sincerely,

McKoon & Associates

By:     Joshua R. McKoon

JRM
Enclosure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALONZO AUSTIN, | ) | |
| | ) | Case Number: |
| Plaintiff | ) | |
| | ) | 3:07-CV-042-MEF |
| v. | ) | |
| | ) | |
| GLOBAL CONNECTION INC. OF AMERICA, | ) | |
| ET AL, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' RESPONSES TO PLAINITFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Comes Now, Defendants and provides required responses pursuant to Federal Rule of Civil Procedure 34:

1.

Please produce copies of the agreement of accord and satisfaction identified in Interrogatories #1 and #2.

Response.

Defendants respond that a check numbered 12577 drawn on the account of Global Connection Inc. of America in the amount of $21.99 was delivered to Plaintiff in full satisfaction of his claims. Plaintiff has produced a copy of the check already in support of his Motion for Summary Judgment as Exhibit "B" to said Motion.

2.

Plaintiff did not state a Request for Production numbered two.

Response.

None.

3.

Please produce copies of the invoices that show Defendant's [sic] tendered 100 free long distance minutes and the other offering terms for the free long distance minutes identified in Interrogatories (#3).

Response.

See attached Invoice.

4.

Please produce the check or money order copies in the amount of $10.00 paid on 12/8/05 identified in Interrogatory (#4).

Response.

As stated in the Interrogatory Responses, Defendants do not understand what Plaintiff is seeking and therefore are not in a position to produce this document.

5.

Please produce copies of transaction in the amount of $46.99 from Plaintiff MBNA credit card on January 6, 2006 to Defendant's Account, identified in Interrogatories (#5).

Response.

Defendants do not understand what Plaintiff wants a copy of for the purposes of this Request. Again, Defendants acknowledge that he paid $46.99 to Defendant Global Connection Inc. of America on January 9, 2007.

6.

Please produce documents in association with Plaintiff account identified as "porting" pursuant to Interrogatories (#6) and #7 showing contact between Global Connection Inc. of America and Freedom Communications U.S.A.

Response.

No documents to produce.

7.

There is no Request for Production Numbered Seven by Plaintiff.

Response.

None.

8.

Please produce copies of the Tariff identified in Interrogatories (#8).

Response.

As no Tariff was identified by Defendants in Response to Interrogatory Number Eight, no documents are produced in response to this Request. Defendants object as this Request calls for information totally without relevance to the instant action.

9.

Please produce copies of individual income tax returns 2005 & 2006 identified in Interrogatory (#9).

Response.

Defendants object to this Request as it is not relevant.

10.

Please produce copies of individual income tax returns for 2005 & 2006 identified in Interrogatories (#10).

Response.

Defendants object to this Request as it is not relevant.

11.

Please produce copies of corporate income tax returns for fiscal year 2005 and 2006 identified in Interrogatories (#11).

Response.

Defendants object to this Request as it is not relevant.

12.

Please produce copies of corporate income tax returns for fiscal years 2005 and 2006 identified in Interrogatories (#12).

Response.

Defendants object to this Request as it is not relevant.

This 10th day of September, 2007.

MCKOON & ASSOCIATES

*/s/Joshua R. McKoon*

By:_____

    Joshua R. McKoon

    State Bar No. MCK057

925 Broad Street

Post Office Box 3220

Phenix City, Alabama 36868-3220

334.297.2300

facsimile 334.297.2777

Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

This 10th day of September, 2007.

/s/Joshua R. McKoon

_____

Counsel for Defendant

Exhibit "B"    12577

GLOBAL CONNECTION INC. OF AMERICA
3957 PLEASANTDALE ROAD
DORAVILLE, GA 30340

WACHOVIA
WACHOVIA BANK, N.A.
ACH R/T 061000227
64-22/610 44053

1/12/2006

PAY TO THE
ORDER OF____ ALONZO AUSTIN

Twenty-One and 99/100**********************************************************************

$ **21.99

DOLLARS

ALONZO AUSTIN
1321 OLIVER CARLIS RD
TUSKEGEE, AL 36083

VOID AFTER 90 DAYS

MEMO

AUTHORIZED SIGNATURE

⑈012577⑈ ⑈061000227⑈ 20000 20 234579⑈

Security Features Included ⊞ Details on Back.

Exhibit "B"

12577

GLOBAL CONNECTION INC. OF AMERICA
3957 PLEASANTDALE ROAD
DORAVILLE, GA 30340

WACHOVIA
WACHOVIA BANK, N.A.
ACH 07 061000227
64-22/610 44055

1/12/2006

PAY TO THE
ORDER OF    ALONZO AUSTIN

Twenty-One and 99/100************************************************************************

$ **21.99

DOLLARS

ALONZO AUSTIN
1321 OLIVER CARLIS RD
TUSKEGEE, AL 36083

VOID AFTER 90 DAYS

MEMO

AUTHORIZED SIGNATURE

⑈012577⑈ ⑉061000227⑈ 20000020234579⑈

Security Features Included    Details on Back.



# GLOBAL
## C O N N E C T I O N



PO BOX 48269
Atlanta, Georgia 30362

**Local # (770) 457 - 7174**
**Toll Free # (877) 511 - 3009**

**Account / PIN # 5550100131 1**

978801

**AUTO**MIXED AADC 300
ALONZO AUSTIN                    33   7542
1321 OLIVER-CARLIS Rd
Tuskegee AL 36083-3739

| | Invoice Date<br>December 20, 2005 | Telephone Number |
|---|---|---|
| | Due Date<br>January 07, 2006 | (334)-727-5476 |

| Description of Service | | Amount |
|---|---|---|
| Global Silver Package (10 CF)        1/7/06   to   2/6/06 | | $56.99 |
| BASIC SERVICE - BS | $38.85 | |
| Id 12-20-05 | $10.00 | |
| FCC CHARGE | $6.50 | |
| AL UTILITY PRIVILEGE LIC. TAX | $1.80 | |
| MACON CO. 911 SURCHARGE | $1.50 | |
| FEDERAL EXCISE TAX | $0.90 | |
| FED. UNIVERSAL SERVICE FUND | $0.29 | |
| AL DUAL-PARTY RELAY SYS. FUND | $0.15 | |
| Credit for the Credit Card payment | $-3.00 | |

| To Avoid Disconnection Pay Past Due Balance Immediately | Credit Bal. | DO NOT PAY $-10.00 |
|---|---|---|
| *Your last payment was made on 12/8/05    for    10.00*<br>**Due to rate changes and related usage charges, customers with the area plus service will be charged a $20.00 service charge monthly in addition to the standard GCIA monthly service charges. | Current Bal. | $56.99 |
| | Total Bal. | $46.99 |

When Mailing In Payment, Make MONEY ORDER Payable To  Global Connection, Inc. of America.
Include Account # OR Telephone # When Making Payment.
A $10.00 Late Fee Will Be Applied To Accounts When Payment Is Not Posted By Due Date. Your Telephone Line Is Subject To Immediate Disconnection If Payment Is Not Received By Due Date. Based On Service Provider, A Reconnection Fee Of $30-$50 And Additional Charges For Service Package Will Apply. All Charges And Any Past Due Balance Must Be Paid In Full Before A Reconnection Is Processed.

Detach and return bottom portion with your payment...THANK YOU !!! -- Envie la parte de abajo con su pago...GRACIAS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Account / PIN # :    5550100131   1

Telephone Number :   (334)-727-5476

Customer Name    :   ALONZO AUSTIN

**PAY BY**
**1/7/06**

Credit Bal.   $-10.00      978801
Total Bal.:    $46.99

Amt Enclosed :  $————

| Long Distance Payment * (Optional) |
|---|
| I have enclosed an additional $ _____ for the purchase of my long distance minutes for low cost of 5.9 cent per minute. |

**Global Connection Inc. of America**
PO Box 48269, Atlanta, Georgia 30362

* If this invoice is PAID IN FULL, GCIA will issue a refund in the event of switching to another carrier or disconnection occurs prior to Bill Due Date, minus a $25 processing fee. GCIA will NOT issue any refunds for Partially Unused Service. The amount paid toward long distance minutes will not be applied to your GCIA Service for any reason. Promotional offers may expire without notice. Cualquier ofertas de GCIA pueden expirar sin aviso al cliente. **WE NO LONGER ACCEPT PERSONAL CHECKS.**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN, | ) | |
| | ) | Case Number: |
| Plaintiff | ) | |
| | ) | 3:07-CV-042-MEF |
| v. | ) | |
| | ) | |
| GLOBAL CONNECTION INC. OF AMERICA, | ) | |
| ET AL, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' RESPONSES TO PLAINITFF'S FIRST INTERROGATORIES

Comes Now, Defendants and provides required responses pursuant to Federal Rule of Civil Procedure 33:

1.

State whether or not Sam Abdallah or Rachelle Copeland or any other employee or associate have any documentation showing when Plainitff accepted payment for damages reaching an accord and satisfaction as claimed within Defendant's answer to Plaintiff's Complaint Doc. #5-2 dated filed 2/07/2007 pg. 1 of 5 Listed under Second Defense and if so, show date of agreement. (if none show none!)

Response.

Defendants identify the check numbered 12577 drawn on the account of Global Connection Inc. of America in the amount of $21.99.

2.

If the answer to interrogatory number one is in the affirmative.

Response.

None.

3.

State whether or not Sam Abdallah or Rachelle Copeland or any other employee or associate have any documentation in their possession of invoices that expressly show the Defendants tendered 100 free minutes of long distance service to Plaintiff on

December 6, 2005 and Invoices that was sent to Plaintiff offering terms for free long distance minutes as sworn to by Defendant Sam Abdallah, (Doc # 10 file 4/09/2007) pgs 6 of 6 and 7 of 7 Paragraph's [sic] 4, 5 and 6. If yes please give invoice numbers. If no please state none pursuant to Mr. Abdallah's Affidavit Exhibit "A".

Response.

Affidavit of Sam Abdallah previously filed with Defendants' Response to Plaintiff's Motion for Summary Judgment and Invoice Number 978801.

4.

State whether or not Sam Abdallah or Rachelle Copeland or ant other employee or associate have within its possession a documented invoice showing a $10.00 amount paid on 12/8/05 by Plaintiff, if so, indicate by check or money order. Meaning method of payment!!

Response.

Defendants do not understand Interrogatory Number Four and request Plaintiff restate the Interrogatory with more specificity so that they might respond more fully.

5.

State whether or not Sam Abdallah or Rachelle Copeland or any other employee or associate drafted Plaintiff credit card account initiating a transaction in the amount of $46.99 before due date 1/7/2006 and after oral termination of phone services from Defendant's [sic] on January 6, 2007 and if so please give reasons or if no, state the reasons why.

Response.

Defendants acknowledge that a charge of $46.99 was posted to Plaintiff's credit card account on January 9, 2007 two days after the payment of charges reflected on Invoice 978801 were due to be paid. Defendants cannot state with certainty who physically drafted the payment other than to state the draft of $46.99 was made on behalf of Global Connection Inc. of America.

6.

State whether or not Sam Abdallah or Rachelle Copeland or any other employee or associate engaged in a process called "PORTING", wherein telephone companies contact each other to make transfers of phone services from one to another for their respective customers. 1/06/06 reference a specific phone company "Freedom Communications U.S.A."

Response.

Defendants object to this Interrogatory as it is vague and is not relevant to any of the allegations of Plaintiff's Complaint.

7.

If the answer is in the affirmative.

Response.

None.

8.

State whether or not Sam Abdallah or Rachelle Copeland, Global Connection of America has filed a tariff with the Alabama Public Service Commission to provide local and long distance service within the State of Alabama and if so, give date tariff was issued and effective date, if date approved, docket number and analyst.

Response.

Defendants object to this Interrogatory as it is vague and is not relevant to the allegations of Plaintiff's Complaint.

9.

State whether or not Sam Abdallah you filed income tax returns as an individual in the 2005 and 2006 Calendar Year and if so, state the form number.

Response.

Defendant Sam Abdallah's personal income tax records are not relevant to the subject matter of the instant action. Defendant Sam Abdallah objects as this Interrogatory is irrelevant and unlikely to produce any information relevant to the allegations of Plaintiff's Complaint.

10.

State whether or not Rachelle Copeland you also filed an individual income tax return for the years 2005 and 2006 Calendar Year and if so, state also the form number.

Response.

Defendant Rachelle Copeland's personal income tax records are not relevant to the subject matter of the instant action. Defendant Rachelle Copeland objects as this

Interrogatory is irrelevant and unlikely to produce any information relevant to the allegations of Plaintiff's Complaint.

## 11.

State whether or not Sam Abdallah and Rachelle Copeland, Global Connection Inc. of America filed corporate income tax returns for the years 2005 and 2006, if so state form number.

### Response.

Defendants object to the Interrogatory on the grounds that it is not relevant to the subject matter of the instant action.

## 12.

Also state whether or not Global Connection Inc. of Alabama file [sic] corporate income tax return for the 2005 and 2006 Calendar Year and if so state the form number.

### Response.

Defendant Global Connection Inc. of Alabama objects to this Interrogatory as it is not likely to result in the discovery of any relevant information.

This 10th day of September, 2007.                    MCKOON & ASSOCIATES

                                                    */s/Joshua R. McKoon*
                                            By:_____
                                                    Joshua R. McKoon
                                                    State Bar No. MCK057


925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

This 10th day of September, 2007.

*/s/Joshua R. McKoon*

_____
Counsel for Defendant

# McKOON & ASSOCIATES
## ATTORNEYS AT LAW
POST OFFICE BOX 3220
PHENIX CITY, ALABAMA 36868-3220
(334) 297-2300

JAMES R. McKOON, JR. *
E-Mail - JRMcKoon@aol.com

STREET ADDRESS:
925 BROAD STREET
PHENIX CITY, ALABAMA 36867

FAX NUMBER:
(334) 297-2777

JOSHUA R. McKOON  **
E-Mail - jrm2016@yahoo.com

* LICENSED IN ALABAMA ONLY
** LICENSED IN ALABAMA AND GEORGIA

September 17, 2007

Joshua R. McKoon
(334) 297-2300
facsimile (334) 297-2777
e-mail JRM2016@yahoo.com

**VIA FIRST CLASS MAIL**
Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

Re:     Alonzo Austin v. Global Connection
        Civil Action No.:     3:07-CV-042
        Our Client:           Global Connection

Dear Sir:

Enclosed are Defendants First Interrogatories to Plaintiff and First Requests for Production of Documents. I would still like to schedule your deposition as soon as possible. I am available the first two weeks in October right now. Thank you for your time and attention to this matter.

Sincerely,

McKoon & Associates

By:     Joshua R. McKoon

JRM
Enclosure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALONZO AUSTIN, | ) | |
| | ) | Case Number: |
| Plaintiff | ) | |
| | ) | 3:07-CV-042-MEF |
| v. | ) | |
| | ) | |
| GLOBAL CONNECTION INC. OF AMERICA, | ) | |
| ET AL, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33, the following Interrogatories are propounded to the Plaintiff Alonzo Austin; the same to be answered in writing, and under oath, with the answers to be served within thirty (30) days of today's date upon Plaintiffs' attorney, Joshua R. McKoon, McKoon, & Associates, 925 Broad Street, P.O. Box 3220, Phenix City, Alabama 36868.

## NOTE A.

"You," "Your," "Alonzo Austin", "Austin" or "Plaintiff," or any synonym thereof, when used in these discovery requests, is intended to mean and shall embrace and include, in addition to the Plaintiff, its agents, representatives, counsel for Plaintiff, and/or any others who are in possession of, acting on behalf of, or may have obtained information for or on behalf of Plaintiff.

## NOTE B.

These Interrogatories shall be deemed continuing, and supplemental answers are requested and should be made pursuant to the requirements of the Federal Rules of Civil Procedure.

## NOTE C.

If the Plaintiff is unable to answer a question completely, answer to the fullest extent possible.

## NOTE D.

The term "identify" when used in connection with a person means to state the full name, the residence and, if known, business address, telephone number, date of birth and social security number.

<u>NOTE E.</u>

The term "identify" or "identity" when used in connection with any document, writing, or paper means:

(1) Describe in plain and concise language the contents of the writing.

(2) The identity of the person or persons (as defined in Note D) who prepared, produced or generated the writing.

(3) The reason or purpose for which the writing was made, prepared, produced or generated.

(4) The date, or if not dated, the approximate date or time frame, that the document was written, printed, published, or signed.

(5) In lieu of (1) through (4) above attach a copy of the writing to your answers to these interrogatories.

<u>NOTE F</u>

"Document," as used herein, is intended to have the broadest possible meaning, and includes, without limitation, drafts; minutes of meetings; notebooks; computer data (hard drive, disk drive, magnetic tape, Zip drive or the like),tapes and printouts; handwritten notes; correspondence; memos; and any typewritten, printed, electronically recorded, taped, computer-generated, computer-accessed or other material, of whatever nature and in whatever form, including all non-identical copies thereof and all copies bearing notations not found on the original.

<u>NOTE G</u>

As used herein, the words "dispute", "claims", and/or "complaint", mean and refer to the subject matter of Plaintiff's purported course of action against Defendants, to include but not limited to the allegations set forth in Plaintiff's Complaint and Defendants' Responsive Pleadings.

1.

Please identify all correspondence, including letters, electronic mail messages or of any other type between Plaintiff and Defendants from November 11, 2005 to January 12, 2007.

2.

Please state the total actual damages you claim were caused by Defendants and provide a detailed calculation of said damages.

3.

Please state in detail what false statements were included in any correspondence received by the Plaintiff from the Defendants.

4.

Please identify all documents that support the allegations of Count I of Plaintiff's Complaint.

5.

Please identify all documents that support the allegations of Count II of Plaintiff's Complaint.

6.

Please identify all documents that support the allegations of Count III of Plaintiff's Complaint.

7.

Please identify all documents that support the allegations of Count IV of Plaintiff's Complaint.

8.

Please identify all witnesses who will offer testimony in support of the allegations of Plaintiff's Complaint and state with specificity the facts you expect those witnesses wil testify to under oath.

9.

Please state whether or not Plaintiff received any services from Defendants in exchange for the payments he made to Defendant Global Connection Inc. of America.

10.

Please state the reasons Plaintiff asserts that the mailing of a check to him in the amount of $21.99 for a partial refund constitutes mail fraud, fraud in fact or any other wrong.

11.

Please state whatever facts are known to Plaintiff that support his allegation that the drafting of Plaintiff's credit card was done after his alleged oral termination of the contract between Defendant Global Connection Inc. of America and the Plaintiff.

12.

Please state whatever facts are known to Plaintiff to support his allegation that the drafting of Plaintiff's credit card was done by any of the Defendants with malice.

13.

Please state whether or not Plaintiff received a check for $21.99 from Defendant Global Connection Inc. of America.

14.

Please state whether or not Plaintiff received a $10.00 credit on the invoice he received dated December 20, 2005 from Defendant Global Connection Inc. of America.

15.

Please state whether or not Plaintiff received and used telephone service provided by Defendant Global Connection Inc. of America in the month of November 2005.

16.

Please state whether or not Plaintiff received and used telephone service provided by Defendant Global Connection Inc. of America in the month of December 2005.

17.

Please state whether or not Plaintiff received and used telephone service provided by Defendant Global Connection Inc. of America in the month of January 2006.

18.

Please state the amount of punitive damages Plaintiff calculates he is entitled to and provide the basis for that calculation.

19.

Please state with specificity what acts or omissions were done by Defendant Rachelle Copeland that caused Plaintiff damages.

20.

Please state with specificity what acts or omissions were done by Defendant Sam Abdallah that caused Plaintiff damages.

21.

Please state which Defendants Plaintiff alleges he had a contract with for provision of telephone services.

22.

Please identify with specificity all telephone calls between Plaintiff and Defendants from November 11, 2005 to January 12, 2006.

This 17th day of September, 2007.                    MCKOON & ASSOCIATES

                                                                            /s/Joshua R. McKoon
                                                        By:_____
                                                                            Joshua R. McKoon
                                                                            State Bar No. MCK057


925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

        Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

        Alonzo Austin
        1321 Oliver Carus Road
        Tuskegee, Alabama 36083

This 17th day of September, 2007.

                      */s/Joshua R. McKoon*

                      _____

                      Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALONZO AUSTIN, | ) | |
| | ) | Case Number: |
| Plaintiff | ) | |
| | ) | 3:07-CV-042-MEF |
| v. | ) | |
| | ) | |
| GLOBAL CONNECTION INC. OF AMERICA, | ) | |
| ET AL, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, the following Requests for Production of Documents are propounded to the Plaintiff Alonzo Austin; the same to be answered in writing, and under oath, with the answers to be served within thirty (30) days of today's date upon Plaintiffs' attorney, Joshua R. McKoon, McKoon, & Associates, 925 Broad Street, P.O. Box 3220, Phenix City, Alabama 36868.

### NOTE A.

"You," "Your," "Alonzo Austin", "Austin" or "Plaintiff," or any synonym thereof, when used in these discovery requests, is intended to mean and shall embrace and include, in addition to the Plaintiff, its agents, representatives, counsel for Plaintiff, and/or any others who are in possession of, acting on behalf of, or may have obtained information for or on behalf of Plaintiff.

### NOTE B.

These Requests for Production of Documents shall be deemed continuing, and supplemental answers are requested and should be made pursuant to the requirements of the Federal Rules of Civil Procedure.

### NOTE C.

If the Plaintiff is unable to answer a question completely, answer to the fullest extent possible.

### NOTE D.

The term "identify" when used in connection with a person means to state the full name, the residence and, if known, business address, telephone number, date of birth and social security number.

### NOTE E.

The term "identify" or "identity" when used in connection with any document, writing, or paper means:

(1) Describe in plain and concise language the contents of the writing.

(2) The identity of the person or persons (as defined in Note D) who prepared, produced or generated the writing.

(3) The reason or purpose for which the writing was made, prepared, produced or generated.

(4) The date, or if not dated, the approximate date or time frame, that the document was written, printed, published, or signed.

(5) In lieu of (1) through (4) above attach a copy of the writing to your answers to these interrogatories.

### NOTE F

"Document," as used herein, is intended to have the broadest possible meaning, and includes, without limitation, drafts; minutes of meetings; notebooks; computer data (hard drive, disk drive, magnetic tape, Zip drive or the like),tapes and printouts; handwritten notes; correspondence; memos; and any typewritten, printed, electronically recorded, taped, computer-generated, computer-accessed or other material, of whatever nature and in whatever form, including all non-identical copies thereof and all copies bearing notations not found on the original.

### NOTE G

As used herein, the words "dispute", "claims", and/or "complaint", mean and refer to the subject matter of Plaintiff's purported course of action against Defendants, to include but not limited to the allegations set forth in Plaintiff's Complaint and Defendants' Responsive Pleadings.

1.

Please produce all documents identified in Plaintiff's Response to Defendants Interrogatory Number One.

2.

Please produce all documentation of Plaintiff's actual damages.

3.

Please produce all documents that include the false statements that Plaintiff alleges were included in any correspondence received by the Plaintiff from the Defendants.

4.

Please produce all documents identified in Response to Defendants' Interrogatory Number Four.

5.

Please produce all documents identified in Response to Defendants' Interrogatory Number Five.

6.

Please produce all documents identified in Response to Defendants' Interrogatory Number Six.

7.

Please produce all documents identified in Response to Defendants' Interrogatory Number Seven.

8.

Please produce all documents provided to you by witnesses identified in your Response to Defendants' Interrogatory Number Eight.

9.

Please produce all documents that support Plaintiff's contention that he did not receive telephone services from any of the Defendants.

10.

Please produce all documents supporting Plaintiff's allegation that the mailing of a check for $21.99 to him by Defendant Global Connection Inc. of America constitutes mail fraud, fraud in fact or any other actionable wrong.

11.

Please produce documentation to show that Defendants' draft of Plaintiff's credit card was done after his alleged oral termination of the contract.

12.

Please produce all documents Plaintiff has to support his allegation that the drafting of Plaintiff's credit card was done by any of the Defendants with malice.

13.

Please produce documents that support the amount of punitive damages Plaintiff calculates he is entitled to and that provides the basis for that calculation.

14.

Please produce all documents that show what acts or omissions were done by Defendant Rachelle Copeland that caused Plaintiff damages.

15.

Please produce all documents that show what acts or omissions were done by Defendant Sam Abdallah that caused Plaintiff damages.

This 17th day of September, 2007.                  MCKOON & ASSOCIATES

*/s/Joshua R. McKoon*

By:_____

Joshua R. McKoon
State Bar No. MCK057


925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

Counsel for Defendants

## CERTIFICATE OF SERVICE

Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

This 17th day of September, 2007.

*/s/Joshua R. McKoon*

Counsel for Defendant

# McKOON & ASSOCIATES
## ATTORNEYS AT LAW
### POST OFFICE BOX 3220

JAMES R. McKOON, JR. *
E-Mail - JRMcKoon@aol.com

PHENIX CITY, ALABAMA 36868-3220
**(334) 297-2300**

STREET ADDRESS:
925 BROAD STREET
PHENIX CITY, ALABAMA 36867

FAX NUMBER:
(334) 297-2777

JOSHUA R. McKOON **
E-Mail - jrm2016@yahoo.com

* LICENSED IN ALABAMA ONLY
** LICENSED IN ALABAMA AND GEORGIA

October 17, 2007

Joshua R. McKoon
(334) 297-2300
facsimile (334) 297-2777
e-mail JRM2016@yahoo.com

**VIA FIRST CLASS MAIL**
Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

Re:     Alonzo Austin v. Global Connection
        Civil Action No.:      3:07-CV-042
        Our Client:            Global Connection

Dear Sir:

I have not heard from you regarding a deposition date. Also, I am hoping to receive your discovery responses in the next week. Please let me hear from you as soon as possible.

Sincerely,

McKoon & Associates

By:     Joshua R. McKoon

JRM

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

Alonzo Austin,                              )
                                            )
              Plaintiff,                     )
                                            )
v.                                          )        Civil Action No.
                                            )
Sam Abdallah, Rachelle Copeland,            )        3:07-CV-042-MEF
Global Connection, Inc. of America,         )
Global Connection Inc. of Alabama,          )
                                            )
              Defendants.                    )

## DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT SANCTION FOR FAILURE TO COMPLY WITH THE DISCOVERY ORDER

COMES NOW, Defendants and responds to this Honorable Court's Show Cause Order as follows:

1.

Defendants' Counsel received discovery requests from the Plaintiff on or about August 10, 2007.

2.

Defendants' Counsel completed and sent responses to those discovery requests to Plaintiff on September 10, 2007.

3.

Defendants' Counsel also prepared and sent separately discovery requests to the Plaintiff on September 17, 2007, including a letter requesting a date and time the Plaintiff would be available for deposition.

4.

Defendants' Counsel had not received responses to the aforementioned requests as of October 17, 2007 and so attempted to contact the Plaintiff via telephone, facsimile and letter.

5.

Until Defendants' Counsel received Plaintiff's Notice of Mediation and Settlement Conference via facsimile, Defendants' Counsel had not received any correspondence of any kind from the Plaintiff since his discovery requests on August 8, 2007.

6.

Defendants' Counsel had presumed the Plaintiff had decided to forego prosecution of this action since he had not responded to any of Defendants' Counsel's correspondence for over sixty (60) days and had not taken any further action with the Court vis-à-vis a renewed dispositive motion or mediation notice.

7.

Defendants' Counsel would request if the Plaintiff does intend to continue to pursue this action that the Plaintiff be ordered to respond to Defendant's discovery requests and that he make himself available for deposition at his earliest opportunity.

8.

Defendant's Counsel would also request an opportunity to file a dispositive motion on the basis of the Plaintiff's responses and deposition testimony as Defendants were unable to prepare such a motion due to the Plaintiff's failure to respond to Defendants' discovery requests and request to make the Plaintiff available for deposition.

9.

Therefore, since Defendants have abided by the Court's Scheduling Order, with the exception of the filing of a dispositive motion by the October 22, 2007 deadline which was due to Plaintiff's failure to cooperate with Defendants' discovery requests, Defendants would ask that they not be sanctioned for Plaintiff's failure to prosecute this action and further that if the Plaintiff does seek to continue to prosecute this action that the Court require Plaintiff to answer the outstanding discovery requests of the Defendants and allow Defendants to file a dispositive motion on the basis of those responses.

This 30th day of November, 2007.

MCKOON, THOMAS & MCKOON

/s/ Joshua R. McKoon

By: _____

Joshua R. McKoon
State Bar No. MCK057

925 Broad Street
P.O. Box 3220
Phenix City, Alabama 36868-3220
334.297.2300

## **CERTIFICATE OF SERVICE**

Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

This 30th day of November, 2007.

/s/Joshua R. McKoon

_____

Counsel for Defendant