## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN, | ) | |
| | ) | Case Number: |
| Plaintiff | ) | |
| | ) | 3:07-CV-042-MEF |
| v. | ) | |
| | ) | |
| GLOBAL CONNECTION INC. OF AMERICA, | ) | |
| ET AL, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Come Now, Defendants and files this their Memorandum Brief in Support of Their Motion for Summary Judgment and show the Court as follows:

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Alonzo Austin contracted with Defendant Global Connection of Alabama, Inc. and Global Connection of America, Inc. (hereinafter the "Global Connection Defendants") to provide certain prepaid telephone services.  See Plaintiff's Complaint at Paragraph 1, attached as Exhibit A.  Plaintiff Alonzo Austin was required to pay for service in advance.  See Plaintiff's Final List of Witnesses and Exhibits, attached as Exhibit B.  Plaintiff Austin paid as agreed and received services from the Global Connection Defendants as agreed until January 6, 2006.  See Responses to Defendants' First Interrogatories to Plaintiff, Paragraphs 9, 15, 16 and 17, attached as Exhibit C. Plaintiff called sometime that day to ask for his service to be terminated.  See Plaintiff's Complaint, attached hereto as Exhibit A at Paragraph 6.  Plaintiff was charged $46.99 by the Global Connection Defendants for service to be provided from January 7, 2006 to

February 6, 2006.  <u>See Plaintiff's Final List of Witnesses and Exhibits, attached as</u>

<u>Exhibit B</u>.  Plaintiff's request to have his service terminated by the Global Connection

Defendants was honored in a timely fashion and his $46.99 payment was refunded, less a

$25.00 processing fee per the terms of Plaintiff's contract on January 12, 2006.  <u>See</u>

<u>Plaintiff's Motion for Summary Judgment, attached as Exhibit D and Plaintiff's Final</u>

<u>List of Witnesses and Exhibits, attached as Exhibit B</u>.  Plaintiff filed the instant action on

January 12, 2007.  <u>See Plaintiff's Complaint, attached as Exhibit A</u>.

## INTRODUCTION

For purposes of clarity, the Defendants will first address the issue of whether any

valid claim exists against each Party Defendant and then will take up the individual

counts of Plaintiff's Complaint and Amended Complaint.

The only proper Defendants to this action are Global Connection of America, Inc.

and its Alabama subsidiary, Global Connection of Alabama, Inc.  The individual

Defendants named by the Plaintiff, as will be discussed in detail later, had no contractual

relationship with the Plaintiff and have taken no action to cause the damages claimed by

the Plaintiff.  For that reason, Plaintiff's claims should only be considered against the

Global Connection Defendants.

The Plaintiff has made out four counts in his Complaint and Amended Complaint,

Count I for fraud, Count II for fraud and federal wire fraud, Count III for mail fraud and

Count IV for RICO fraud.  As the Defendants will detail further on, no material

misrepresentation of fact was made to Plaintiff by the Defendants and since that is a

threshold requirement for all four counts of Plaintiff's Complaint and Amended

Complaint, the Defendants should receive judgment as a matter of law on all counts.

## ARGUMENT

### I.    SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves, 530 U.S. at 151, quoting 9 A.C. Wright & A. Miller, Federal Practice and Procedure § 2529, p.299. "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.6 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### II.    DEFENDANTS SAM ABDALLAH AND RACHELLE COPELAND ARE NOT PROPER DEFENDANTS AND SHOULD RECEIVE A JUDGMENT AS A MATTER OF LAW DISMISSING THEM FROM THIS ACTION

The Plaintiff has alleged in all counts of his Complaint that the Defendants in this action committed a fraud upon him. The only alleged fraud cited by the Plaintiff is the inducement of 100 free long distance minutes for signing up for prepaid phone service with the Global Connection Defendants. Plaintiff nowhere has alleged that either Sam

Abdallah or Rachelle Copeland made any such representation. Plaintiff's contract and all

the inducements thereto were with the Global Connection Defendants. Both of the

Global Connection Defendants are corporate entities. It is a well settled matter of law

that individuals who own corporations are not subject to individual liability for corporate

acts, unless such acts pierce the corporate veil. Plaintiff does not allege that either

individual Defendant made any inducement to him nor that they knew about a fraudulent

inducement made by an employee or agent of the corporation. As the Alabama Supreme

Court has opined in Ramko, Inc. v. Lander, 707 So. 2d 645 (1997):

> Piercing the corporate veil is not a power that is lightly exercised. The concept
> that a corporation is a legal entity existing separate and apart from its shareholders
> is well settled in this state. Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So. 2d 37
> (Ala. 1988). Alorna Coat Corp. v. Behr, 408 So. 2d 496 (Ala. 1981). The mere
> fact that a party owns all or a majority of the stock of a corporation does not, of
> itself, destroy the separate corporate identity. Messick v. Moring, 514 So. 2d 892
> (Ala. 1987); Forester & Jerue, Inc. v. Daniels, 409 So. 2d 830 (Ala. 1982). The
> fact that a corporation [**3] is under-capitalized is not alone sufficient to
> establish personal liability. Co-Ex Plastics, Inc. v. AlaPak, supra; East End
> Memorial Association v. Egerman, 514 So. 2d 38 (Ala. 1987). To pierce the
> corporate veil, a plaintiff must show fraud in asserting the corporate existence or
> must show that recognition of the corporate existence will result in injustice or
> inequitable consequences. Washburn v. Rabun, 487 So. 2d 1361 (Ala. 1986);
> Cohen v. Williams, 294 Ala. 417, 318 So. 2d 279 (1975).

Clearly the plaintiff had made no showing that recognition of the Global

Connection Defendants would in any way lead to an unjust or inequitable consequence.

For all these reasons, Defendants Sam Abdallah and Rachelle Copeland should be

dismissed as a matter of law from this case.

III.    **PLAINTIFF HAS NOT MADE PROOF ON ANY OF THE COUNTS OF HIS COMPLAINT AND IN THE FACE OF THIS PROPERLY SUPPORTED MOTION FOR SUMMARY JUDGMENT ALL DEFENDANTS SHOULD RECEIVE JUDGMENT AS A MATTER OF LAW AS TO ALL COUNTS OF THE COMPLAINT.**

A.    **Count I—Fraud (False and Material Misrepresentation as to Free Long Distance Services)**

Plaintiff's first claim is that the Defendants' deceived him, causing him to be damaged in the amount of $119.98. The only deception that is claimed by Plaintiff is that he was promised 100 free minutes of long distance service in exchange for signing up for service with the Global Connection Defendants. Plaintiff received the free long distance service as a $10.00 credit on his December 20, 2005 bill. He admits this to be the case in his response to Paragraph 14 of Defendants' First Interrogatories where he was asked whether he received a $10.00 credit on his December 20, 2005 invoice and he replied "Yes! (Payment was for long distance service)". See Exhibit C. So the Plaintiff has admitted he received the equivalent of 100 minutes of long distance service at $0.059 per minute per the contract with the Global Connection Defendants. That is reinforced in his response to Paragraph 9 of Defendants' First Interrogatories where Plaintiff admits he received local telephone service and long distance service from the Global Connection Defendants, referencing the $10.00 payment made to him. See Exhibit C. Since there was no underlying material misrepresentation of fact, supported by Plaintiff's own admission, there is no fraud. In order to prove a claim of fraud, the plaintiff must present substantial evidence that there was: (1) a false representation; (2) of a material existing fact; (3) that he justifiably relied upon it; and (4) that he was damaged as a proximate result. If a fraud claim is based upon a promise to do some act in the future, as it is here, then Plaintiff has the added burden of proving the additional elements that; (1) the

promisor, at the time of the alleged misrepresentation, did not intend to do the act promised; and (2) that the promisor, at that time, had an intent to deceive. <u>Benetton Services Corp. v. Benedot, Inc.</u>, 551 So. 2d 295 (Ala. 1989). Defendants have rebutted the allegation of Plaintiff that a false representation was made and therefore no action in fraud will lie.

Furthermore, Plaintiff admitted in his responses to Paragraphs 15 through 17 of Defendants' First Interrogatories that he received telephone service from November 2005 through January 6, 2006 as agreed and as he paid for during the contract. <u>See Exhibit C</u>. So no unpled claim of unjust enrichment would lie either. In summary, Defendants did in fact provide Plaintiff with a credit on his December 20, 2005 invoice reflecting the value of 100 free long distance minutes and so to the extent Plaintiff claims that induced him to enter into the contract, the Defendants kept their part of the bargain. Even if Defendants had later rescinded the offer to the Plaintiff, which they did not here, unless the Plaintiff could show that the Defendants did not intend to honor the promise at the time it was made, he could have no recovery under <u>Benetton</u>.

### B. Count II—Fraud (Charging Credit Card Without Authority)

Plaintiff's second claim is that he timely terminated his contract with the Global Connection Defendants on January 6, 2007 and that $46.99 was wrongfully charged on his credit card. Plaintiff had agreed to have his credit card charged monthly to pay for his service with the Defendants. The statement with the January 7, 2006 due date was submitted by Plaintiff as part of his evidence. The statement includes the following language:

*If this invoice is PAID IN FULL, GCIA will issue a refund in the event of switching to another carrier or disconnection occurs prior to Bill Due Date, **minus a $25 processing fee**. GCIA will **NOT** issue any refunds for Partially Unused Service. The amount paid toward long distance minutes will not be applied to your GCIA Service for any reason. Promotional offers may expire without notice.

Plaintiff was invoiced on December 20, 2005 and expected to pay no later than January 7, 2006. His call, which took place on January 6, 2006 was made prior to the transaction to pay his bill which did not post until January 9, 2006. Upon learning of his cancellation of service after payment of the bill in full, the Global Connection Defendants issued to the Plaintiff a check for $21.99, representing a refund of his $46.99, less the $25.00 processing fee. Plaintiff, for reasons known only to him, has failed to deposit that check. Defendants followed the terms of their agreement with the Plaintiff to the letter. Plaintiff was refunded $21.99 per the terms of the agreement by the Defendants. Simply put, the Plaintiff was not defrauded out of any funds, rather he was refunded the money paid to the Global Connection Defendants two days after the due date, less the processing fee he was on notice of from the invoice. Again as in <u>Benetton</u>, since there was no misrepresentation by the Defendants, there is no fraud and therefore this count is due to be dismissed as to all Defendants.

### C. Count III—Mail Fraud (Mailing $21.99 Check to Plaintiff)

Plaintiff's third claim is that the Defendants committed mail fraud by sending him a check on January 12, 2006 for $21.99. Plaintiff's sole legal ground for this count of the Complaint is that the Defendants mailed the check without accountability and a good legal reason. Global Connection Defendants were under a contractual obligation to refund the Plaintiff's $46.99 payment made in January 2006, less the $25 processing fee. They not only had a legal reason to mail the check to the Plaintiff, they were under a

legal obligation to do so. Therefore since Plaintiff's sole legal ground for this count has been rebutted by this properly supported motion for summary judgment, it should be dismissed as to all Defendants.

### D. Count IV—RICO Fraud (Recapitulation of all allegations)

Plaintiff's final claim is a recapitulation of all claims in Counts I through III of the original complaint, cast as a civil RICO action. Plaintiff claims throughout the Amended Complaint that Defendants have committed indictable offenses and to the extent he cites criminal statutes there is no civil remedy. To the extent he asserts a RICO violation for which a civil remedy may lie, the Defendants would respond. First, the Defendants provided Plaintiff with 100 free minutes of long distance service by crediting his December 20, 2005 bill to reflect a $10.00 credit as admitted by the Plaintiff. So there was no fraudulent inducement to enter into the contract. Plaintiff has admitted he authorized the Defendants to charge his credit card automatically to draft payments. Plaintiff has shown no evidence to support his contention that the card was charged after he called on January 6, 2006 to cancel his service. In fact, it is shown that the charge did not post until two days after the due date. Once the Global Connection Defendants were on notice of the cancellation, they refunded the $46.99 paid less a $25 processing fee as required by the agreement. So neither the charge of the credit card nor the mailing of the check to the Plaintiff by the Global Connection Defendants constituted fraud of any kind. Since there is no underlying fraud, no RICO civil action may lie and Defendants are entitled to a judgment as a matter of law on this claim.

### E. Punitive Damages

Plaintiff has claimed punitive damages in excess of $100,000. It is well settled

law that for a punitive damage award there must be an underlying cause of action. In this case since all of Plaintiff's claims are due to be dismissed no punitive damages will lie. Also, it should be noted that Plaintiff's claimed punitive damages on actual damages of less than $200.00 are wildly out of line with the legally recognized limitations of punitive damage awards.

## **CONCLUSION**

For all the foregoing reasons, including the fact that Plaintiff received the benefit of 100 free long distance minutes and was not falsely promised anything in exchange for his contracting with the Defendants, that the charge of Plaintiff's credit card was lawful as was Defendants' refund check, all Defendants are entitled to a judgment as a matter of law on all counts of the Plaintiff's Complaint and Amended Complaint.

This 31st day of January, 2008.                    MCKOON & ASSOCIATES

*/s/Joshua R. McKoon*

By:_____

Joshua R. McKoon
State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300
facsimile 334.297.2777

## CERTIFICATE OF SERVICE

Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

This 31st day of January, 2008.

/s/Joshua R. McKoon

_____

Counsel for Defendant

RECEIVED

IN THE DISTRICT COURT OF THE UNITED
STATES FOR THE MIDDLE DISTRICT OF ALABAMA,
EASTERN DIVISION.


ALONZO AUSTIN )
    Plaintiff,     ) 3:07cv42-MEF
    V.                  )
GLOBAL CONNECTION ;
    Defendant.     )

## COMPLAINT

Plaintiff ALONZO AUSTIN, alleges that
this cause of action arises under 28 U.S.C.
§ 1331 Subject Matter Jurisdiction, Suit for
Damages against Common Carriers.
The General Federal Question Statute.
and addition the Federal Court have
Jurisdiction under 28 U.S.C.A. § 1337
The Statute Conferring Jurisdiction on
the Federal District Courts over action
arising under a Statue regulating Commerce
+ Federal Communication Act. (FCA) "1934"
as amended, 47 U.S.C.A § 207.

## COMPLAINT, Continued

1. Plaintiff is, and at all times mentioned in this complaint was, a resident of ALABAMA, City of Tuskegee, and County of Macon. And a subscriber of Telephone Service Furnished by defendant, under Telephone Number (334) 727-5476 at 1321 River-Carlis Rd. Tuskegee, ALABAMA. 36083

2. Defendant, Global Connection, is Now, and at all Times Mentioned in this Complaint was a Corporation incorporated. Organized and existing Under the Laws of Georgia With its principal office and place of business located at 3957 pleasantdale Road Atlanta, Georgia. and is duly Authorized to engage and is engaged, in the business of Operating a Telephone Communication System in ALABAMA including Tuskegee.

3. On or about November 11, 2005 Plaintiff Entered into an Agreement with defendant to provide phone Service orally With an inducement of 100 Free Long Distance Minutes provided plaintiff would agree to Allow Defendant to draft Credit Card For Monthly Charges Due on 7th of Same

## COMPLAINT, Continued

(4) That Defendant failure to provide the 100 Free minutes of Long distance calls as promised Caused the plaintiff to Seek the Services of another provider.

5. That on January 6, 2006, the plaintiff and defendant's agreement terminated. as a result of plaintiff's, New agreement with Carrier FREEDOM Communications U.S.A. in DICKSON TENNESEE, on January 6, 2006

6. That Plaintiff, Notified via telephone the Defendant, of New Contract, on January 6, 2006, between Plaintiff and FREEDOM Communications U.S.A., of DICKSON, Tennesee and demanded of defendant to refrain from drafting Credit Card Account on due date of "January 7, 2006"

7. That defendant ignored plaintiff demand and Notice of termination and instead drafted Credit Card Account. See: Attached Credit Card Statement, Exhibit "A" reference Number 4977, Transaction date 01/06.

8. That FREEDOM Communications U.S.A. Plaintiff's, New carrier charged the Account as Well, Reference Number 0108, Transaction 01/06

9. That plaintiff's Account was to be drafted by the defendant on the Due date which was the 7th of each Mon

10. That defendant Mailed a Check to Plaintiff dated 1/12/06

## Count I

Pursuant to 9(b) Fed. Rule Civ. P. plaintiff, hereby incorporate by reference all of the allegations contained in Paragraphs 1 through 4 hereinabove set out.

The defendant's intentional deception resulted in my injury as it was a false and material representation which Plaintiff relied upon causing actual damages of $11.98

## Count II

Plaintiff hereby incorporate by reference all of the allegations contained in Paragraph 1 through 9 hereinabove set out.

The defendant's drafting of Plaintiff's account after termination notice by Plaintiff was intentional with knowledge and malice constituting "Fraud in Fact" facts of which was concealed until Credit Card Statement Revealed it later. Causing again actual damages of $46.99 with a demond of Punitive damage of $10,000.00 " For Fraud in Fact " and Federal wire Fraud...

# COUNT III

Plaintiff's hereby incorporate by reference all of the allegations contained in paragraphs 1 through 10 hereinabove set out.

Defendent's mailing of a check to plaintiff dated ~~1/12~~ 1/12/06 with No accountability constitutes Mail Fraud and "Fraud in Fact" as reasons for Check remains Concealed and Given the fact that defendent's Check is outside of our agreement on November 11, 2005. Check remains unCashed amounting to $21.99 which is Far Far Less that Owed. because of Defendent's action herein Punitive Damages of $20,000 ºº is Damand

WHEREFORE, Plaintiff Alonzo Austin demand damages against Defendent Global Connection, as Follows

(a) as to Count I, Actual Damages of $119.98
(b) as to Count II, Actual Damages $46.99 and Punitive Damages of $10,000.00
(C) as to Count III Punitive Damages $20,000.00 including Cost.

COMPLAINT, Continued

Respectfully Submitted

This 12th day of January 2007.

ALONZO Austin, pro se

Alonzo Austin
BY. Alonzo Austin
Alonzo Austin, pro s
1321 Oliver-Carlis Rd
Tuskegee, Al. 36083
Ph.# (334) 727-5476

2 corns.

Plaintiff Copy

1 of 7 EXHIBIT "A"

RECEIVED

2007 JUN 29 P 3:27

DEBRA P. HACKETT CLK
US DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO AUSTIN,             )
    Plaintiff,             )
V.                         )    Case Number:
GLOBAL CONNECTION, INC.    )
    OF AMERICA             )   3:07-CV-042-MEF
CEO/CFO-SAM Abdallah       )
RACHELLE COPELAND          )
and GLOBAL CONNECTION INC. )
    OF ALABAMA ET., AL.    )
        Defendont(S)       )

PLAINTIFF ALONZO AUSTIN'S AMENDED COMPLAINT ADDING PARTIES AND FOR FRAUD-RICO ALLEGATIONS TO DOCUMENT #6-1 Dated 02/15/07 SPECIAL MATTERS Pursuant to [F.R.C.P. 9(b)] and Rule 15(a)

1. Plaintiff ALONZO AUSTIN, alleges that as a result of Racketeering On the part of the Defendant(s) I have Suffered Damages and I further allege that the act which Caused the injury was performed for financial gain. by Defendant(s) Global Connection INC. OF AMERICA, Sam Abdallah, Rachelle Copeland And Global Connection Inc. OF. ALABAMA, ULTILIZING both mail and wire fraud.

2. That on November 11, 2005 the Defendant Global Connection INC. Of AMERICA, Falsely and fraudulently and with intent to defraud the Plaintiff Alonzo Austin, represented to the Plaintiff Alonzo Austin, that if Plaintiff Alonzo Austin, Would agree to allow Defendant Global Connection INC. OF AMERICA, to Draft Plaintiff Alonzo Austin's Credit Card Account For monthly Local and Long Distance Services. Plaintiff Alonzo Austin, Would received 100, Long Distance Minutes FREE For Doing So, and if Plaintiff Austin, desired any additional Long distance Minutes they could be Purchased, at a rate of 5.9¢ per minute Plaintiff Austin, then Paid by Credit Card #69.99 For PrePayment For the Month Of November and Yr. 2005. For (Silver Plan Choice) $64.99 Price included: $49.99 Monthly Service $10.00 FCC + Telecom. Taxes and $10.00 Activation Fee.

3 OF 7

3. Those representations were false in fact and known to be false by the defendant, at the time they were so made, and in truth and in fact the only Long distance Minutes received by plaintiff, were the Long distance minutes paid for by Plaintiff. at 5.9¢ a minute.

4. Plaintiff, relied upon the representations and was thereby induced. The defendant did draft Plaintiff, Credit Card For the Months of November 2005 and December 2005 with Plaintiffs, Consent. However, defendant, did not provide the 100 Free Long Distance Minutes as promised and after daily and weekly demands by Plaintiff of defendants to add said minutes to the Long distance Account. with out Success. Plaintiff, informed Defendants of the pending Termination on January 6, 2006. because Defedants failure to provide the 100 Free Long distance Minutes as promised which resulted in the damages demanded. Moreover Defendant ignored Termination Notice and acted intentionally, willfully, wantonly and Maliciously, For profit. and without Just Cause When plaintiff account was drafted on 1/06/2006 For $46.99 See Exhibit A Attached by Defendant Global Connection Inc. of AMERICA. et al

5. That Defendant(s) Global Connection Inc. of America et al. executed this scheme to defraud by Causing Matters to be Mailed and delivered by the United States Postal Service Namely the monthly bill, thus the defendant(s) Committed acts of Mail fraud in this instance indictable under 18 U.S.C. § 1341. Defendant(s) also Caused Sounds to be transmitted by means of wire Communications in interstate Commerce when they drafted Plaintiff(s) Austin, Credit Card under this Scheme to defraud. Specifically on January 6, 2006, November 11, 2005, and on or near December 7, 2005 Resulting in wire fraud Indictable under 18 U.S.C. § 1343 for monthly Services. Finally a fraudulent Check Sent through the United States Mail Addressed To Plaintiff(s) Austin Defendant's actions in this instance amounted to a pattern of Mail fraud in as much as Fraudulent Check # 12577 dated 1/12/06, Invoice dated December 28, 2005 #978801 and Invoice dated November 23, 2005 #939919 Who Sent through the U.S. Mail within a 3 Month Period. From November through January, 2006.

6. That Defendant(s) actions Constitutes "Racketeering Activity" within the meaning of 18 U.S.C. § 1961(1) and all of which Collectively Constituted part of a "Pattern of Racketeering Activity" within the Meaning of 18 U.S.C. § 1961(5)

COUNT IV
THE RACKETEER INFLUENCED AND
CORRUPT ORGANIZATIONS ACT.

7. Plaintiff ALONZO Austin, alleges that Count IV
arises under the "Racketeer Influenced and Corrupt
Organizations Act." 18 U.S.C. § 1961 et seq., Jurisdiction
is based on 18 U.S.C. § 1965(a). Venue is based on
18 U.S.C. § 1965(a).

8. plaintiff, hereby incorporates by reference all
the allegations Contains in paragraphs 1 through 13,
Counts I, II, III, and damages Demanded of Defendants
Global Convection INC. of America et al, Sub Sections
(a) (b) and (c) of Original Complaint (Doc. #6 filed
on 2/15/07) and as amended Count IV Contained
herein, 1 through 11. (a) and (b). Combined...

9. Defendant (s) Global Convection INC. OF AMERICA
Mailings Contained false statements.

10. Defendant (s) ALSO Fraudulently drafted plaintiff (s)
Credit Card on January 6, 2006 after Termination of Program.

11. Defendant(s) fraudulent Conduct was Accompanied
by Malice, Moral Turpitude, Wantonness, and in-
difference to the rights of Plaintiff, Austin,
Resulting in Exemplary Damages.

WHEREFORE Plaintiff, Prays,
(a) For Punitive Damages against Defendants of $100,000.00
(b) For Such relief that is Just and Proper.

6/28/07                    by. Alonzo Austin, Pro Se

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION.

RECEIVED
2007 JUN 29 P 3: 27
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALONZO AUSTIN
   Plaintiff

v.

GLOBAL CONNECTION INC.
OF AMERICA
CEO/CFO - SAM Abdallah
Rachelle Copeland
Global Connection INC.
OF ALABAMA et. al.
     Defendant (S)

Case: Number
3:07-CV-42-MEF

## PLAINTIFF ALONZO AUSTIN, MOTION FOR LEAVE TO AMEND COMPLAINT, ADD PARTIES, AND RICO Matter

Comes Now, The Plaintiff Alonzo Austin, Pursuant to Federal Rule of Civil Procedure 15(a) and respectfully moves This honorable Court for the entry of an order granting it Leave to File the instant Amended Complaint to add parties and plead special matters with respect to Rule 9(b) Fraud - RICO Allegation in the within Cause. A copy of the aforesaid Complaint proposed to be File by Plaintiff herein and

the previously filed complaint are attached hereto as Exhibits "A" and ("B", DOC.#6 Filed 2/15/07)

Respectfully Submitted,

Alonzo Austin Roos

by Alonzo Austin, Mose
ALONZO AUSTIN
1321 Oliver-Carlis Rd
Tuskegee, AL. 36083
(334) 727-5476

CERTIFICATE OF SERVICE

I ALONZO AUSTIN hereby certify that I have served copies of the foregoing documents upon the Defendant(s)

GLOBAL CONNECTION INC. of ALABAMA
c/o MCKOON, THOMAS & MCKOON
925 broad Street
P.O. BOX 3220
Phenix CITY, AL. 36868-3220

by placing same in the united States mail postage pre paid on this 24th day of July 2007

Alonzo Austin Mose

by Alonzo Austin, Mose
ALONZO AUSTIN
1321 Oliver-Carlis Rd.
Tuskegee, AL. 36083
Ph# (334) 727-5476

Defendants Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO AUSTIN          ) Case Number
    Plaintiff          )
V.                     ) 3:07-CV-042 MEF
GLOBAL CONNECTION INC. )
OF AMERICA ET. AL,     ) VIA Certified Mail
    Defendant's        )

PLAINTIFF, RESPONSES TO DEFENDANTS FIRST
INTERROGATORIES.

Comes Now, Plaintiffs, Pursuant to F.R.C.P. 33.

1.

Please identify all correspondence, including letters,
electronic mail messages or any other type between
Plaintiff and Defendants from November 11, 2005 to
January 12, 2007

RESPONSE.

Pursuant to Rule 26(a)(3) See attached final
List of Witnesses and exhibits; however, there
were Oral Communications, that's incomplete.

2.

Please State the total Actual Damages you Claimed were Caused by Defendant's and provide a detailed Calculation of said damages.

Response

$166.97, Plaintiff Payed Defendant's by Credit Card in November 2005 $69.99, December 2005, $39.99 and there were a $10 Credit Owed to plaintiff by Defendant See, invoice #978801 and finally the Authorized amount of $46.99 on January 6, 2006.

3.

please State in detail what false Statments were included in any Correspondence received by Plaintiff from the Defendant's.

Response.

In Defendant's answer Wherein Defendant's Claimed Plaintiff had reach accord and Satisfaction regarding Damages, Defendants affidavit Doc.#10 by Sam abdallah Paragraph 4, 6, 7, 8, 9, and 11

4.

Please identify all Documents that Support the allegations of Count 1 of Plaintiff Complaint.

## Response

See: plaintiff, final list of witnesses and exhibits
all Documents Supports the plaintiff Count 1 of Compliant.

### 5.

Please identify all documents that support the allegations
of Count II of Plaintiff's Compliant.

## Response

See: final List of Plaintiff's, Witnesses and exhibits,
all document support Count II of Plaintiff Compliant

### 6.

Please identify all documents that support the allegations
of Count III of Plaintiff's Compliant.

## Response

See: plaintiff's, final List of witnesses and exhibits
as all documents Support Plaintiff's Compliant Count III.

### 7.

Please identify all documents that support the allegations
of Count IV of the plaintiff's Compliant.

## Response

See: Plaintiff's, final List of Witnesses and Exhibits as
all Support the allegations of Count IV of Plaintiff's Compliant

## 8.

Please identify all witnesses who will offer testimony in support of the allegation of Plaintiff's Compliant and state with specificity the fact you expect those witnesses will testify to under oath.

### Response

Plaintiff, Alonzo Austin, I will testify to all complained of.

## 9.

Please state whether or not Plaintiff Received any Services from Defendant's in exchange for the payments he made to Defendant Global Connection Inc of America.

### Response

Plaintiff, did receive local telephone service from Defendants Global Connection Inc. of America. plus Long Distance Service at 5.8¢ a minute = payment of $10.00

## 10.

Please state the reasons Plaintiff's Asserts that the mailing of a check to him in the amount of $21.29 for a partial refund Constitutes mail fraud, fraud in fact or any other wrong

### Response

Plaintiff, Contends that check in question was mailed without accountability and a good legal reason through the U.S. mail without any legal Justification Constitutes mail fraud.

11.

Please State what ever facts are Known to Plaintiff that support his allegation that the drafting of Plaintiff's Credit Card was done after his alleged oral termination of the contract between GLOBAL Connection INC. & America and the plaintiff

Response

Plaintiff, Notification on 1/6/06 and the Verifiable amount pursuant to Plaintiff Credit Card Statement Exhibit "A"

12.

Please State whatever facts are known to Plaintiff to support his allegations that the drafting of the Plaintiff Credit Card was done by any of the defendant's with malice

Response

Plaintiff, After terminating agreement with Defendant's Specifically on January 6, 06, expressly warned Defendant Global Connection INC. of America, not to Draft Credit Card on the Due date January 7, 2006, or any time thereafter as our relationship had Terminated.

13.

Please State Whether or Not plaintiff received a Check for $21.99 from Defendant's Global Connection INC. of America.

Response

Yes!! that's correct. Via U.S. M

14.

Please State whether or not Plaintiff received a $10.00 Credit on the invoice he received dated December 20, 2005, from Defendant's Global Connection Inc. of AMERICA.

Response
Yes! (Payment was for Long Distance Service)

15.

Please State whether or Not Plaintiff received and used telephone Service provided by Defendant Global Connection Inc. of America in the Month of November, 2005.

Response
Yes!

16.

Please State whether or Not Plaintiff received and used Telephone Service Provided by Defendant Global Connection Inc. of America. in the month of December 2005,

Response
Yes!

17.

Please State whether or Not Plaintiff received and used telephone Service provided by Defendant Global Connection Inc. of America in the Month of January 2006.

Response

Yes!! On January 1st, 2nd, 3rd, 4th, 5th, and 6th ..

18.

Please State the Amount of Punitive Damages plaintiff Calculates he is entitled to and provide the basis for that Calculation

Response

$100,000.00, for punishment as is provided by Law for Malice.

19.

Please State with Specificity what acts or omissions were done by Defendants Rachelle Copeland that Caused Plaintiff Damages

Response

As registered Agent for Service, to be determine Later!

20

Please State with Specificity what acts or Omission were Done by Defendant Sam abdallah that Caused Plaintiff Damages

Response

All the acts Complained of.

21.

Please State which Defendants Plaintiff alleges he had a Contract with for Provision of telephone Services.

Response

All Named Defendant's.

22.

Please identify with specificity all telephone calls between plaintiff and Defendant's from November 11, 2005, to January 12, 2006

Response

List is incomplete, however, many, many, call regarding the Defendant's promise to allocate the 100 Free long distance minutes and the initial call for service on or near November 5, 2005 and specifically the call placed to terminate service on 1/6/06.

This 24th day of December, 2007.

Via certified mail              by. Alonzo Austin, pro se

CERTIFICATE OF SERVICE        Alonzo Austin

I, Alonzo Austin, hereby certify      1321 oliver-Carlis Rd.
that I have served copies of the      Tuskegee, Al. 36083
foregoing documents upon the          (334) 727-5476
Defendants. GLOBAL Conertium Inc. of America.
c/o McKoon Thomas & McKoon
P.O. Box 3220
Phenix city, Al. 36868-3220
by placing same in the U.S. mail postage prepaid on the 24th day
of December, 2007.
by. Alonzo Austin pro se, Alonzo Austin, 1321 oliver-Carlis Rd.
Tuskegee, Al. 36083, Ph# (334) 727-5476

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO AUSTIN                    )   Case Number
    Plaintiff                    )
V.                               )  3:07-CV-042-MEF
GLOBAL CONVECTION INC.           )
OF AMERICA et. AL,               )   Via Certified mail.
    Defendants                   )

PLAINTIFF, RESPONSE TO DEFENDANT FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS.

Comes Now, Plaintiff with it responses pursuant
to F.R.C.P. 34 to defendant's requests.

Pursuant to Fed. Rule. Civ. P. 34
plaintiff, hereby incorporate by reference
all of the defendant's, request for production
of Documents in Paragraph #1 through #15
Contained hereinafter, and to also include
Plaintiff, responses to same with its Final
List of Witnesses and Exhibits Rule 26(a)(3)

1.

Please Produce all Documents identified in Plaintiff response
to Defendant's Interrogatory Number one.

Response

Please See: Final List of Witnesses and exhibits,
Pursuant to Rule 26 (a) (3)

## VERIFICATION

I, Plaintiff ALONZO AUSTIN, do hereby acknowledge
that I have answered all of the Defendant's interrog-
-atories and its request for production of Documents
Pursuant to F.R.C.P. Rules 33 and 34, Truthfully
and to the fullest extent possible.

by, Alonzo Austin____
ALONZO AUSTIN
1321 Oliver-Carliss Rd.
Via Certified mail          Tuskegee, AL. 36083
CERTIFICATE OF SERVICE.    Ph# (334) 727-5476

I, ALONZO AUSTIN, hereby Certify
That I have Served copies of the foregoing Documents upon the Defendants
GLOBAL CONNECTION INC. OF AMERICA, et, AL,
c/o. McKoon, THOMAS & McKOON
P.O. Box 3220
Phenix City, Al. 36868-3220
by Placing Same in the U.S. Mail Postage Prepaid on the
24th of December 2007.
by Alonzo Austin, Pro Se, Alonzo Austin
1321 Oliver-Carliss Rd.; Tuskegee, Al. 36083
Ph. # (334) 727-5476.

IN THE DISTRICT COURT OF THE UNITED STATES, FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION.

RECEIVED

2007 MAR -9 P 3: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALONZO AUSTIN )
   Plaintiff, )
   V. )
GLOBAL CONNECTION )
   Defendant, )

3:07-CV-00042-ME

## RULE 56(a) MOTION FOR SUMMARY JUDGEMENT Pursuant TO RULE 9(b) Fraud - Rico Allegation

Comes Now, Plaintiff, Alonzo Austin and Moves this honorable Court to Consider the Following with Support there of.

1. That on November 11, 2005 the defendant, falsely and fraudulently and with intent to defraud the Plaintiff, represented to the Plaintiff, that if Plaintiff would agree to Allow Defendant, to draft Plaintiff, Credit Card Account For Monthly Local and Long distance Services Plaintiff would received 100 Long Distance Minutes Free For doing so.

2. Those representations were false in Fact and known to be false by the defendant, at the time they were so made, and in truth and in fact. the only Long distance Minutes received by plaintiff, were the Long distance Minutes paid for by Plaintiff.

3. Plaintiff, relied upon the representation and was thereby induced. The defendant did draft plaintiff, Credit Card For the Months of November 2005 and December 2005 With Plaintiffs, Consent. However, defendant, did not provide the 100 Free Long Distance Minutes as promised and after daily and weekly demands by Plaintiff of defendant to add said minutes to the Long Distance account. without Success Plaintiff informed Defendant of the Pending Termination on January 6, 2006. because Defendant failure to provide the 100 Free Long distance minutes as promised which resulted in the damages demanded. Moreover Defendant ignored Termination Notice and acted intentimally, Willfully, Wantonly and Maliciously, For profit. and without Just Cause When Plaintiff account was drafted on 1/06/2006 For $46.99. See Exhibit Attached

4. That Defendant excuted this scheme To defraud by Causing Matters to be mailed and delivered by the UNITED STATES Postal Service Namely the monthly bill, thus the Defendant Committed acts of Mail Fraud, Indictable under 18 U.S.C. § 1341, Defendant also Caused Sound to be transmitted by means of Wire Communication in interstate Commerce resulting in Wire Fraud indictable Under 18 U.S.C. § 1343 to plaintiff Credit Card Issuer. For monthly Payments. And Finally A Check was mailed From Defendant to plaintiff in the Amounts $21⁹⁹ on 1/12/06 with No explanation. See attached as exhibit "B" #125

5. That Defendants actions Constitutes "Racketeering Activity" within the meaning of 18 U.S.C. § 1961(1) and all of which Collectively Constituted part of a "pattern of Racketeering Activity" within the meaning of 18 U.S.C. § 1961(5).

WHEREFORE, Plaintiff, Alonzo Austin, demands damages of $166⁹¹ Actual and $30,000⁰⁰ in Exemplary Damages, Plus Interest and Cost, ~ Against Defendant.

Respectfully Submitted
Alonzo Austin, Pro Se

## CERTIFICATE OF SERVICE

I Alonzo Austin, hereby Certify that I have Served Copies of the Foregoing Documents upon the Defendants by Placing Same in the UNITED STATES Mail Postage prepaid on this 9th day of March 2007 and Addressed to

GLOBAL CONNECTION INC. OF AMERICA
c/o McKOON, THOMAS & McKOON
925 Broad Street
P.O. BOX 3220
PheNIX CITy, AL. 36868-3220

Alonzo Austin
Alonzo Austin, Pro S
Alonzo Austin
1321 River-Carlis Rd.
Tuskegee, A. 36083
(334) 727-5476

| Account Number | Credit Line | | | | |
|---|---|---|---|---|---|
| 5490 9916 1669 9100 | $31,700.00 | $31,700.00 | $0 | 02/06/06 | 03/02/06 |

**FEBRUARY 2006 STATEMENT**

| | | Charges | Credits (CR) |
|---|---|---|---|
| | | $0.00 | 1,750.00 CR |

**PAYMENTS AND CREDITS**

| Posting Date | Transaction Date | Reference Number | Card Type | Category | Transactions | |
|---|---|---|---|---|---|---|
| 01/18 | | 4267 | MC | | PAYMENT - ELECTRONIC | |
| | | | | | GLOBAL CONNECTION INC/ATLANTA | GA |
| 01/09 | 01/06 | 4977 | MC | C | FREEDOM COMMUNICATIONS 615-2292133 | TN |
| 01/09 | 01/06 | 0108 | MC | C | WAL-MART #0356 | AL |
| 01/09 | 01/06 | 2289 | MC | C | AMP ACORN MEDIA PUBLIN 888-870-8047 | MD |
| 01/10 | 01/09 | 2769 | MC | C | | |
| | | | | | TOTAL FOR BILLING CYCLE FROM 01/08/2006 THROUGH 02/06/2006 | |

| | New Balance Total |
|---|---|
| | $79.68 CR |

PAYMENT - ELECTRONIC  46.99
  70.38
  47.24
  52.95
TOTAL FOR BILLING CYCLE FROM 01/08/2006 THROUGH 02/06/2006  $217.56

**TOTAL MINIMUM PAYMENT DUE**

| Past Due Amount | $0.00 |
|---|---|
| Current Payment | $0.00 |
| Total Minimum Payment Due | $0.00 |

$1,750.00 CR

**IMPORTANT NEWS**

ENJOY THE CONVENIENCE AND FLEXIBILITY THE ENCLOSED CHECKS OFFER.

LOOKING TO SAVE ON YOUR AUTO LOAN? WHETHER IT'S A NEW LOAN OR REFINANCING AN EXISTING ONE, VISIT WWW.MBNA.COM/LOANS TO SEE HOW YOU COULD SAVE!

NEED THE PERFECT GIFT FOR YOUR VALUED EMPLOYEES, RESPECTED COLLEAGUES, OR CLOSE FRIENDS? FIND GIFT CARDS FOR EVERY OCCASION AT WWW.MBNAGIFTCARD.COM.

CREDIT BALANCE PLEASE DO NOT PAY

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (-) Payments and Credits | (+) Cash Advances | (+) Purchases and Adjustments | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $1,452.76 | $1,750.00 | $0.00 | $217.56 | $0.00 | $0.00 | $79.68 CR |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge | FINANCE CHARGES |
|---|---|---|---|---|
| Cash Advances | | | | |
| A. BALANCE TRANSFERS | 0.02463% DLY * | 8.99% | $0.00 | $0.00 |
| B. ATM, BANK | 0.06915% DLY * | 25.24% | $0.00 | $0.00 |
| C. PURCHASES | 0.06915% DLY * | 25.24% | $0.00 | $0.00 |

* Periodic Rate May Vary

FOR THIS BILLING PERIOD:
ANNUAL PERCENTAGE RATE...............SEE ABOVE

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**

For Customer Satisfaction and up-to-the-minute automated information including balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-250-6868.

For TDD (Telecommunications Device for the Deaf) assistance, call 1-800-346-3178.

Mail payments to MBNA AMERICA, P.O. BOX 15287, WILMINGTON, DE 19886-5287.

Billing rights are preserved only by written inquiry. Mail billing inquiries, using form on reverse, and other inquiries to: MBNA AMERICA, P.O. BOX 15026, WILMINGTON, DE 19850-5026.

69IP501

USE011

5490 9916 1669 9100    6257    517 Y 6YK 0309 1300 00
PAGE 1 OF 1



GLOBAL CONNECTION INC. OF AMERICA
3957 PLEASANTDALE ROAD
DORAVILLE, GA 30340

WACHOVIA
WACHOVIA BANK, N.A.
ACH R/T 061000227
64-22/610 44053

Exhibit "B"

12577

1/12/2006

PAY TO THE
ORDER OF___  ALONZO AUSTIN

Twenty-One and 99/100***********************************************************

$ **21.99

VOID AFTER 90 DAYS

_____ DOLLARS

ALONZO AUSTIN
1321 OLIVER CARLIS RD
TUSKEGEE, AL 36083

MEMO

AUTHORIZED SIGNATURE

Security Features Included    Details on Back.

⑈"0 ⅈ 2 5 7 7⑈"  ⑈:0 Ꮾ ⅈ000 2 27:  20000 20 23⅃5 7⑈"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN | V/A Certified Mail |
| Plaintiff | Case Number |
| V. | 3:07-CV-042-MEF |
| GLOBAL CONNECTION INC. | |
| OF AMERICA ET. AL. | |
| Defendant's | |

PLAINTIFF, FINAL LISTS OF WITNESSES and exhibits.

1. Pursuant to Rule 26(a)(3), plaintiff's

Submits its final List of Witnesses as follows,
incorporated below as:
CEO/CFO - Sam Abdallah or Houssam Abdallah,
President. and Rachelle Copeland, Registered Agent
For Service, and Secretary.

The Final List of exhibits, are as follows.
PLease See Attached and incorporated herein as:
1. Exhibit "A" Unauthorized Electronic Payment on 1/06/06
after Cancellation of Service with Defendant. Global Connection Inc
ON 1/06/06 pursuant to ALABAMA Local Exchange Tariff
OF Global Connection INC. OF ALABAMA, Section 2.11.
Which required Plaintiff to Notify Defendant either Orally or in Writing.

II.    Exhibit "B" Def. Fraudulent Check, From Defendant #12577

III.    "  "C" Def. Invoice  with a Credit balance of $10.00

IV.    "  D. Pl. December payment of $39.99 to Defendants on 12/7/05

V.    "  E. Pl. November payment of 69.99 to Defendant on 11/11/05

VI.    "  F = Def. Invoice acknowledging payment Made by Plaintiff of $69.99

VII.    " "G" Global Connection Advertisement found at Food World.

VIII.    " "H." Plaintiff began service with freedom Communication U.S.A.

IX.    " "I" further Proof Exhibit by Plaintiff as to being a Customer of

freedom communication U.S.A. with acct# 14471 and Bill Due.

X.    "J" These exhibits are part of the ALABAMA

Public Service Tariff Governing Global Connection

of AL. INC. including pages 1-13. PG.18, PG. 22 and PG. 24.


respectfully Submitted

by Alonzo Austin pro se

Alonzo Austin

1321 Oliver-Carlis Rd

Tuskegee, Al. 36083

Via Certified Mail.    Ph.# (334) 727-5476

CERTIFICATE OF SERVICE.

I Alonzo Austin, hereby Certify that I have Served Copies of the

foregoing Documents upon Global Connection INC. of AMERICA et al.

C/o McKoon Thomas, McKoon

P.O. Box 3220

Phenix City, Al. 36868-3220

Defendants, by placing same in the united States Mail

Postage Prepaid on the 20th Day of December 2007.

by; Alonzo Austin, pro se

Alonzo Austin
1321 Oliver-Carlis Rd
Tuskegee, Al 36083
Ph# (334) 727-5476

| Account Number | Credit Line | | | | | |
|---|---|---|---|---|---|---|
| ████████-0100 | $31,700.00 | $31,700.00 | 30 | 02/06/06 | $0.00 | 03/02/06 |

| Posting Date | Transaction Date | Reference Number | Card Type | Category | Transactions | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|
| | | | | | **FEBRUARY 2006 STATEMENT** | | |

**PAYMENTS AND CREDITS**

| 01/18 | | 4267 | MC | | PAYMENT - ELECTRONIC | | 1,750.00 CR |
|---|---|---|---|---|---|---|---|

**PURCHASES AND ADJUSTMENTS**

| 01/09 | 01/06 | 4977 | MC | C | GLOBAL CONNECTION INC/ ATLANTA    GA | 46.99 | |
| 01/09 | 01/06 | 0108 | MC | C | FREEDOM COMMUNICATIONS 615-2292133  TN | 70.38 | |
| 01/10 | 01/09 | 2289 | MC | C | WAL-MART #0356    SEZ AUBURN    AL | 47.24 | |
| 01/10 | 01/09 | 2769 | MC | C | AMP ACORN MEDIA PUBLIN 888-870-8047 MD | 52.95 | |
| | | | | | TOTAL FOR BILLING CYCLE FROM 01/08/2006 THROUGH 02/06/2006 | $217.56 | $1,750.00 CR |

$$Exhibit \; A$$

CREDIT BALANCE ·PLEASE DO NOT PAY

| **IMPORTANT NEWS** | ENJOY THE CONVENIENCE AND FLEXIBILITY THE ENCLOSED CHECKS OFFER.<br><br>LOOKING TO SAVE ON YOUR AUTO LOAN? WHETHER IT'S A NEW LOAN OR REFINANCING AN EXISTING ONE, VISIT WWW.MBNA.COM/LOANS TO SEE HOW YOU COULD SAVE!<br><br>NEED THE PERFECT GIFT FOR YOUR VALUED EMPLOYEES, RESPECTED COLLEAGUES, OR CLOSE FRIENDS? FIND GIFT CARDS FOR EVERY OCCASION AT WWW.MBNAGIFTCARD.COM. |
|---|---|

**SUMMARY OF TRANSACTIONS**

**TOTAL MINIMUM PAYMENT DUE**

| Previous Balance | (-) Payments and Credits | (+) Cash Advances | (+) Purchases and Adjustments | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $1,452.78 | $1,750.00 | $0.00 | $217.56 | $0.00 | $0.00 | $79.68 CR |

| | |
|---|---|
| Past Due Amount .............. | $0.00 |
| Current Payment .............. | $0.00 |
| Total Minimum Payment Due .............. | $0.00 |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| Cash Advances | | | |
| A. BALANCE TRANSFERS, CHECKS | 0.024630% DLY * | 8.99% | $0.00 |
| B. ATM, BANK ................ | 0.069150% DLY * | 25.24% | $0.00 |
| C. PURCHASES ................ | 0.069150% DLY * | 25.24% | $0.00 |

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**

- For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-789-6685.
- For TDD (Telecommunication Device for the Deaf) assistance, call 1-800-346-3178.
- Mail payments to: MBNA AMERICA, P.O. BOX 15287, WILMINGTON, DE 19886-5287.
- Billing rights are preserved only by written inquiry. Mail billing inquiries, using form on the back, and other inquiries to: MBNA AMERICA, P.O. BOX 15026, WILMINGTON, DE 19850-5026.

**FOR THIS BILLING PERIOD:**
ANNUAL PERCENTAGE RATE.................SEE ABOVE

* Periodic Rate May Vary

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.    USE011    5490 9916 1669 9100

6257   517 Y 6YK 0309 1300 00

PAGE 1 OF 1

Exhibit "B"

**GLOBAL CONNECTION INC. OF AMERICA**
3957 PLEASANTDALE ROAD
DORAVILLE, GA 30340

12577

WACHOVIA
WACHOVIA BANK, N.A.
ACH R/T 061000227
64-22/810  44053

1/12/2006

PAY TO THE
ORDER OF      ALONZO AUSTIN

$  **21.99

Twenty-One and 99/100***************************************************************************************************  DOLLARS

ALONZO AUSTIN
1321 OLIVER CARLIS RD
TUSKEGEE, AL 36083

VOID AFTER 90 DAYS

MEMO

AUTHORIZED SIGNATURE

⑈0 1 2 5 7 7⑈  ⑆0 6 1 0 0 0 2 2 7⑆ 2 0 0 0 0 2 0 2 3 4 5 7 9⑈

# GLOBAL CONNECTION

Local # (770) 457 - 7174
Toll Free # (877) 511 - 3009

Account / PIN # 5550100131 1

*Exhibit "C"*

978801

**AUTO**MIXED AADC 300
ALONZO AUSTIN
1321 OLIVER-CARLIS Rd
Tuskegee AL 36083-3739

33   7542

| **Invoice Date** | Telephone Number |
| December 20, 2005 | |
| **Due Date** | (334)-727-5476 |
| January 07, 2006 | |

| Description of Service | | Amount |
|---|---|---|
| Global Silver Package (10 CF)    1/7/06  to  2/6/06 | | $56.99 |
| BASIC SERVICE - BS | $38.85 | |
| Id 12-20-05 | $10.00 | |
| FCC CHARGE | $6.50 | |
| AL UTILITY PRIVILEGE LIC. TAX | $1.80 | |
| MACON CO. 911 SURCHARGE | $1.50 | |
| FEDERAL EXCISE TAX | $0.90 | |
| FED. UNIVERSAL SERVICE FUND | $0.29 | |
| AL DUAL-PARTY RELAY SYS. FUND | $0.15 | |
| Credit for the Credit Card payment | $-3.00 | |

| **To Avoid Disconnection Pay Past Due Balance Immediately** | Credit Bal. | DO NOT PAY $-10.00 |
|---|---|---|
| *Your last payment was made on 12/8/05   for    10.00* | Current Bal. | $56.99 |
| **Due to rate changes and related usage charges, customers with the area plus service will be charged a $20.00 service charge monthly in addition to the standard GCIA monthly service charges.** | Total Bal. | $46.99 |

When Mailing In Payment, Make MONEY ORDER Payable To  Global Connection, Inc. of America.
Include Account # OR Telephone # When Making Payment.
A $10.00 Late Fee Will Be Applied To Accounts When Payment Is Not Posted By Due Date. Your Telephone Line Is Subject To Immediate Disconnection If Payment Is Not Received By Due Date. Based On Service Provider, A Reconnection Fee Of $30-$50 And Additional Charges For Service Package Will Apply. All Charges And Any Past Due Balance Must Be Paid In Full Before A Reconnection Is Processed.

‒ ‒  Detach and return bottom portion with your payment...THANK YOU !!! ‒ Envie la parte de abajo con su pago...GRACIAS  ‒ ‒

| Account / PIN # :   5550100131  1 | **PAY BY** | Credit Bal.    $-10.00    978801 |
|---|---|---|
| Telephone Number :  (334)-727-5476 | **1/7/06** | Total Bal.:    $46.99 |
| Customer Name    :  ALONZO AUSTIN | | Amt Enclosed : $——— |

Long Distance Payment * (Optional)
I have enclosed an additional $_____ for the purchase of my long distance minutes for low cost of 5.9 cent per minute.

### Global Connection Inc. of America
PO Box 48269, Atlanta, Georgia 30362
* If this invoice is PAID IN FULL, GCIA will issue a refund in the event of switching to another carrier or disconnection occurs prior to Bill Due Date, minus a $25 processing fee. GCIA will NOT issue any refunds for Partially Unused Service. The amount paid toward long distance minutes will not be applied to your GCIA Service for any reason. Promotional offers may expire without notice. Cualquier ofertas de GCIA pueden expirar sin aviso al cliente. WE NO LONGER ACCEPT PERSONAL CHECKS.

*This invoice Did not apply as contract ended (prepaid) on 1/6/06 as indicated above.!! therefore Global Connection had no right to Draft my account. on 1/6/06 as Freedom communication U.S.A. had already Draw so. Lawfu*

*[handwritten: INV: placed 00042 ... Call 2/2/06 $42 10:30 Am]*

www.mbnanetaccess.com

| PAYMENT DUE DATE | NEW BALANCE TOTAL |
|---|---|
| 02/01/06 | $1,452.76 |

| TOTAL MINIMUM PAYMENT DUE | AMOUNT ENCLOSED |
|---|---|
| PAYMENT HOLIDAY | |

DETACH TOP PORTION AND RETURN WITH PAYMENT

**CARDHOLDER SINCE 1995**

Make check payable to:

MBNA AMERICA
P.O. BOX 15287
WILMINGTON, DE 19886-5287

For account information call 1-800-789-6685

Print change of address or new telephone number below

Address

City        State        Zip

Home phone        Work phone

*[handwritten: Exhibit (9)]*

ALONZO AUSTIN
1321 OLIVER-CARLIS RD
TUSKEGEE    AL  36083-373921

07    0014527600000000000005490991616699100

| Account Number | Credit Line | Cash or Credit Available | Days in Billing Cycle | Closing Date | Total Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|
| 5490 9916 1669 9100 | $31,700.00 | $30,247.24 | 32 | 01/07/06 | PAYMENT HOLIDAY | 02/01/06 |

| Posting Date | Transaction Date | Reference Number | Card Type | Category | Transactions    JANUARY 2006 STATEMENT | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|
| **PAYMENTS AND CREDITS** | | | | | | | |
| 12/27 | 12/22 | 3500 | MC | C | PAYMENT - THANK YOU | | 260.00 C |
| **PURCHASES AND ADJUSTMENTS** | | | | | | | |
| 12/08 | 12/07 | 2135 | MC | C | GLOBAL CONNECTION INC/ ATLANTA    GA | 39.99 | |
| 12/09 | 12/08 | 1851 | MC | C | HAB HABAND COMPANY MO 800-213-1220 NJ MAIL/PHONE | 70.43 | |
| 12/10 | 12/08 | 1614 | MC | C | GLOBAL CONNECTION INC/ ATLANTA    GA | 10.00 | |
| 12/16 | 12/14 | 8467 | MC | C | GOODY'S #121    OPELIKA    AL | 155.75 | |
| 12/17 | 12/15 | 7650 | MC | C | MARY C. BELL & ASSOC  TUSKEGEE    AL | 515.50 | |
| 12/23 | 12/22 | 7188 | MC | C | HDI INTERNATIONAL MALE 800-338-2650 PA MAIL/PHONE | 15.35 | |
| 01/02 | 12/30 | 9113 | MC | C | BIZZY BEE    Q39 PHENIX CITY AL | 24.75 | |
| 01/04 | 01/02 | 0037 | MC | C | RACEWAY6713  27867Q02 OPELIKA    AL | 17.85 | |
| 01/04 | 01/02 | 9944 | MC | C | LOWE'S #736    OPELIKA    AL | 24.48 | |
| | | | | | TOTAL FOR BILLING CYCLE FROM 12/07/2005 THROUGH 01/07/2006 | $874.10 | $260.00 C |

*[handwritten: Michael Hadden 1800 457-3693    8am 7pm Billing Dept]*

**IMPORTANT NEWS**

SKIP THIS MONTH'S PAYMENT BY USING A PAYMENT HOLIDAY.
THERE IS NO NEED TO NOTIFY US.  FINANCE CHARGES WILL APPLY.

***IMPORTANT AMENDMENT*** EFFECTIVE THE FIRST DAY FOLLOWING YOUR STATEMENT
CLOSING DATE IN FEBRUARY 2006,IF YOU PAY LATE, THE AMOUNT OF A LATE FEE WILL
BE BASED ON YOUR BALANCE ON THE LATE FEE POSTING DATE. REMINDER: TO AVOID A
LATE FEE WE MUST RECEIVE EACH TOTAL MINIMUM PAYMENT DUE BY ITS PAYMENT DUE DATE

ENJOY THE CONVENIENCE AND FLEXIBILITY THE ENCLOSED CHECKS OFFER.

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (-) Payments and Credits | (+) Cash Advances | (+) Purchases and Adjustments | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $809.15 | $260.00 | $0.00 | $874.10 | $29.51 | $0.00 | $1,452.76 |

**TOTAL MINIMUM PAYMENT DUE**

| | |
|---|---|
| Past Due Amount | $0.00 |
| Current Payment (REGULAR) | $43.00 |
| Total Minimum Payment Due (PMT. HOLIDAY) | $0.00 |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| Cash Advances | | | |
| A. BALANCE TRANSFERS, CHECKS | 0.069150% DLY* | 25.24% | $0.00 |
| B. ATM, BANK | 0.069150% DLY* | 25.24% | $0.00 |
| C. PURCHASES | 0.069150% DLY* | 25.24% | $1,333.67 |

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**
- For Customer Satisfaction and up to the minute automated information including balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-789-6685
- For TDD (Telecommunication Device for the Deaf) assistance, call 1-800-346-3178.
- Mail payments to: MBNA AMERICA, P.O. BOX 15287, WILMINGTON, DE 19886-5287.
- Billing rights are preserved only by written inquiry. Mail billing inquiries, using form on the back, and other inquiries to: MBNA AMERICA, P.O. BOX 15026, WILMINGTON, DE 19850-5026.

| FOR THIS BILLING PERIOD: ANNUAL PERCENTAGE RATE | 25.24% |
|---|---|

(Includes Periodic Rate and Transaction Fee Finance Charges.)

* Periodic Rate May Vary

4557  51L Y 51X 0713 O803 00

USE011    5490 9916 1669 9100    PAGE 1 OF 1

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

| Posting Date | Transaction Date | Reference Number | Card Type | Category | Transactions DECEMBER 2005 STATEMENT | | Charges | Credits (CR) |
|---|---|---|---|---|---|---|---|---|
| **PAYMENTS AND CREDITS** | | | | | | | | |
| 12/01 | | | MC | | PAYMENT – THANK YOU | | | 171.00 CR |
| **PURCHASES AND ADJUSTMENTS** | | | | | | | | |
| 11/11 | 11/10 | 0070 | MC | C | BIG 10 TIRE STORES #86 AUBURN | AL | 554.15 | |
| 11/14 | 11/11 | 4736 | MC | C | GLOBAL CONNECTION INC/ ATLANTA | GA | 69.99 | |
| 11/21 | 11/19 | 8241 | MC | C | ADVANCE AUTO PARTS #61 ALBURN | AL | 9.28 | |
| 11/21 | 11/19 | 6840 | MC | C | MURPHY 6562 @ WAL-MART AUBURN | AL | 14.60 | |
| 11/21 | 11/19 | 7043 | MC | C | BATH & BODY WORKS 0642 MONTGOMERY | AL | 25.00 | |
| 11/22 | 11/21 | 5229 | MC | C | CATALOGUE MUSIC CORP NASHVILLE | TN MAIL/PHONE | 26.93 | |
| 11/25 | 11/23 | 1454 | MC | C | WAL-MART #0356 SE2 AUBURN | AL | 16.82 | |
| 11/25 | 11/23 | 7319 | MC | C | MURPHY 6562 @ WAL-MART AUBURN | AL | 13.00 | |
| 11/28 | 11/26 | 8940 | MC | C | ROSS STORES #734 MONTGOMERY | AL | 46.18 | |
| 11/29 | 11/28 | 9811 | MC | C | WM SUPERCENTER SE2 MONTGOMERY | EAL | 13.98 | |
| 11/30 | 11/28 | 5011 | MC | C | MURPHY 6728 @ WAL-MART MONTGOMERY | AL | 19.50 | |
| | | | | | TOTAL FOR BILLING CYCLE FROM 11/08/2005 THROUGH 12/08/2005 | | $809.44 | $171.00 CR |

*exhibit E* 

$554.15 IN DISPUTE PENDING COMPLIANCE WITH RESOLUTION PROCEDURE.

**IMPORTANT NEWS**

THIS IS A DUPLICATE STATEMENT. PAYMENT IS REQUIRED ONLY IF NO PAYMENT WAS MADE FOR THE MONTH INDICATED ABOVE. YOUR ORIGINAL STATEMENT MAY HAVE USED A DIFFERENT STATEMENT PAPER DESIGN.

*Wilmington* *New Castle*

**SUMMARY OF TRANSACTIONS**

| Previous Balance | (-) Payments and Credits | (+) Cash Advances | (+) Purchases and Adjustments | (+) Periodic Rate FINANCE CHARGES | (+) Transaction Fee FINANCE CHARGES | (=) New Balance Total |
|---|---|---|---|---|---|---|
| $170.71 | $171.00 | $0.00 | $809.44 | $0.00 | $0.00 | $809.15 |

**TOTAL MINIMUM PAYMENT DUE**

| | |
|---|---|
| Past Due Amount | $0.00 |
| Current Payment | $15.00 |
| Total Minimum Payment Due | $15.00 |

**FINANCE CHARGE SCHEDULE**

| Category | Periodic Rate | Corresponding Annual Percentage Rate | Balance Subject to Finance Charge |
|---|---|---|---|
| Cash Advances | | | |
| A. BALANCE TRANSFERS, CHECKS | 0.068466% DLY* | 24.99% | $0.00 |
| B. ATM, BANK | 0.068466% DLY* | 24.99% | $0.00 |
| C. PURCHASES | 0.068466% DLY* | 24.99% | $0.00 |

**FOR YOUR SATISFACTION, EVERY HOUR, EVERY DAY**
- For Customer Satisfaction and up to the minute automated information including, balance, available credit, payments received, payments due, due date, payment address information, or to request duplicate statements, call 1-800-782-6685.
- For TDD (Telecommunication Device for the Deaf) assistance, call 1-800-346-3178.
- Mail payments to: MBNA AMERICA, P.O. BOX 15287, WILMINGTON, DE 19886-5287.
- Billing rights are preserved only by written inquiry. Mail billing inquiries, using form on the back, and other inquiries to: MBNA AMERICA, P.O. BOX 15026, WILMINGTON, DE 19850-5026.

**FOR THIS BILLING PERIOD:**
ANNUAL PERCENTAGE RATE............... SEE ABOVE

* Periodic Rate May Vary

863 000 863

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.    USE011    5490 9916 1669 9100    PAGE 1 OF 1

*Exhibit*

*[handwritten marginalia, left side:] 888-705-2420 option 1 Ext 6053  Pamela  Union Ga  70*

# GL●BAL
## CONNECTION

**PO BOX 48269**
**Atlanta, Georgia 30362**

**Local # (770) 457 - 7174**
**Toll Free # (877) 511 - 3009**

*[handwritten:] Freedom (877) 739-9900  Cher  enhance pkg $70 total  50 min.  300 Free  Freedom pkg  Reversed  =*

**Account / PIN # 5550100131 1**

939919

**\*\*AUTO\*\*ALL FOR AADC 360**

ALONZO AUSTIN                                  29  6765
1321 OLIVER-CARLIS Rd
Tuskegee AL 36083-3739

| | |
|---|---|
| **Invoice Date**<br>November 23, 2005 | **Telephone Number** |
| **Due Date**<br>December 07, 2005 | (334)-727-5476 |

| Description of Service | | | Amount |
|---|---|---|---|
| Global Silver Package (10 CF) | 12/ /05   to   1/6/06 | | $49.99 |
| BASIC SERVICE - BS | | $28.85 | |
| FCC CHARGE | | $6.50 | |
| AL UTILITY PRIVILEGE LIC. TAX | | $1.80 | |
| MACON CO. 911 SURCHARGE | | $1.50 | |
| FEDERAL EXCISE TAX | | $0.99 | |
| FED. UNIVERSAL SERVICE FUND | | $0.20 | |
| FEDERAL PARTY RELAY SYS. FUND | | $0.15 | |

| To Avoid Disconnection Pay Past Due Balance Immediately | | Credit Bal. | DO NOT PAY $-10.00 |
|---|---|---|---|
| Last payment was made on 11/11/05 for 69.99 | | Current Bal. | $49.99 |
| ...and related usage charges, customers with less than $... a $35.00 service charge monthly in addition ... | | Total Bal. | $39.99 |

If you are mailing in payment, Make MONEY ORDER payable To ...
Include Account # OR Telephone ...
... To Accounts When Payment is Not Post...
... Not Received By Due Date. Based On Service ...
... All Charges And Any Past Due Balan... Due Date...
... bottom portion ...
... GRACIAS

*English Version*



# C O N N E C T I O N

## HOME PHONE SERVICE

### *GET CONNECTED!!!*

### NO DEPOSIT! NO CREDIT CHECK!

### HOME PHONE DISCONNECTED?
### OWE A PREVIOUS PHONE BILL?
### NO PROBLEM!!

**SWITCH & KEEP EXISTING PHONE NUMBER**

**IT'S AS EASY AS 1.,2.,3.**



*Exhibit H*

P. O. Box 1995
Dickson, TN 37056

*Composit*

# Freedom Communications USA

January 6, 2006

ALONZO AUSTIN
1321 OLIVER CARLIS ROAD
TUSKEGEE AL, 36083

*Let Freedom Ring.....Your Phone*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Exhibit H*



## Thank *you*, for Choosing *Freedom* for your Home Phone Service!!

*We know that you will be more than satisfied with our friendly customer service as well as our ongoing efforts to keep your phone rates as low as possible.*

**While we are confident our prices are as low as you can find,
we still offer ways to lower your monthly bill.**

❖ Refer a friend, neighbor or relative to Freedom Communications USA
and get a $10 credit on your bill.

❖ Receive a scratch off card in every statement with the chance to win up to $500 in cash.

*For any and all questions regarding your telephone service
Please call our office at the above number anytime between
8 am - 7 pm CST Monday through Friday
or from 8 am - 12 pm CST on Saturday*

### Monthly Calling Plans

| | |
|---|---|
| **Basic Freedom** | Unlimited Local Calling, 5 cents / min Domestic Long Distance |
| **Value Freedom** | Unlimited Local Calling, 5 cents/ min Domestic Long Distance
Plus The **FIRST FOUR** of the Following Features |
| **Enhanced Freedom** | Unlimited Local Calling, *200 FREE* Minutes Domestic LD, then 5 c/min
Plus **ALL** of the Following Features |
| **Total Freedom** | Unlimited Local Calling, *Unlimited* Domestic Long Distance
Plus **ALL** of the Following Features |

**\* Extra charges do apply for Directory Assistance and Operator Assistance. National and International charges may apply.**

### Calling Features

**Call Waiting:** Press your switch hook briefly, or your "FLASH" button, to answer a second call after you hear a beep, indicating that you have a second call ringing.

**Call Forwarding:** This allows you to transfer all incoming calls to another phone number by dialing *72 + number. YOU may reprogram/change the 'forward to' number using the line at anytime. NOTE: You must allow the number you are calling to answer, before hanging up. If you reach a busy signal, or there is no answer, you must hang up and redial *72 + number a second time. Three short tones will then confirm that Call Forwarding is in effect. To turn this feature off, dial *73. Note: If you need to dial a "1" when calling a number, you will need to dial it when forwarding to that number as well. If you choose to forward to a long distance number, minutes from your allowance may be used up on forwarded calls.

**Three Way Calling:** Allows you to add a third party to an existing telephone conversation without hanging up. Just press your switch hook or press "FLASH" on your phone, then dial a second call. Speak to the party that you've called first, then when you are ready, and if you wish to do so, press your switch hook or press "FLASH" on your phone again to create a 3 Way Conference Call.

**Caller ID Basic:** Allows YOU to know the telephone number of the calling party.



# Freedom
## Communications USA
*Great Rates ★ Better Service*

P.O. Box 1995 • Dickson, TN 37056
www.freecomusa.com

*Exhibit "I"*

| VISA | MASTERCARD | AMERICAN EXPRESS | DISCOVER |
|------|-----------|------------------|----------|

CARD NUMBER | EXPIRATION DATE

SIGNATURE | VERIFICATION CODE

ENTER AMOUNT PAID HERE $

**ADDRESSEE:**

133

ALONZO AUSTIN
1321 OLIVER-CARLIS RD
TUSKEGEE AL 36083-3739

**REMIT TO:**

CUST. REF: CUST. REF:
**Freedom Communications USA**
P.O. Box 1995
Dickson, TN 37056-1995

---

Please detach and return the above portion with your payment payable to: Freedom Communications USA. Please put your account number on your payment.

| | |
|---|---|
| Invoice Date | 1/19/2006 |
| Invoice No. | 113546 |
| Due Date | 2/6/2006 |
| Previous Balance | -0.04 |
| Payments and Adjustments | 0.00 |
| Current Activity Charges | 53.95 |
| Total Taxes & Fees | 16.38 |
| **Total Amount Due** | **70.29** |

## Wireless Service Now Available

Plans Starting at $10 a month
- Voice Mail Included
- Text Messaging Available
- National Coverage Network
- Packages may include additional LD minutes for land lines.

*Don't forget to refer your friends and get $10 off your bill.*

www.freecomusa.com/wirelessPackages.php

### ATTENTION!
To avoid interruption of service and change to existing plan, payment must be received within 3 days of due date.

Customer Service/Billing Inquiries: 877-739-9900
MoneyGram Information:
Account Number: 37055     Receipt Code: 2937

---

**Recurring Charges: (334) 727-5476**

Description

*Call or 8-tel R*

| | | |
|---|---|---|
| Enhanced Freedom | 02/06/2006 to 03/05/2006 | 53.95 |
| 20+ Features | Included | |
| 200 Minutes of Long Distance | 02/06/2006 to 03/05/2006 | |
| **Total Recurring Charges** | | **53.95** |

**Long Distance: (334) 727-5476**

| Call Number | Call Time | Destination | Duration |
|---|---|---|---|
| (205) 276-9591 | 01/15/2006 16:00:02 | BIRMINGHAM, AL | 0.6 |

**Total Long Distance**


*THE Company's Services are provided on a monthly basis*

# TITLE PAGE

## ALABAMA LOCAL EXCHANGE SERVICES TARIFF

### OF

## GLOBAL CONNECTION INC. OF ALABAMA

This tariff, filed with the
Alabama Public Service Commission,
Contains the rates, terms, and conditions applicable to
Local Exchange Services within the State of Alabama offered by
Global Connection Inc. of Alabama


*TARIFF*

---

Issued: 02/07/02                                          Effective: 03/15/02

Issued by:                          Houssam Abdallah, President
                                    3957 Pleasantdale Road        **Date Approved: 03/15/02**
                                    Atlanta, GA  30340            **D/Docket #: 27231**
                                                                  **Analyst:  JC**

Global Connection Inc. of Alabama                          Alabama Tariff No. 2
Local Exchange Services Tariff                             Original Page No. 2

# Check Sheet

Sheets 1 through 25, inclusive of this tariff are effective as the date shown at
the bottom of the respective sheet(s).  Original and revised sheets as named
below comprise all changes from the original tariff and are currently in
effect as of the date on the bottom of this sheet.

| Sheet | Revision Level |
|-------|----------------|
| 1 | Original |
| 2 | Original |
| 3 | Original |
| 4 | Original |
| 5 | Original |
| 6 | Original |
| 7 | Original |
| 8 | Original |
| 9 | Original |
| 10 | Original |
| 11 | Original |
| 12 | Original |
| 13 | Original |
| 14 | Original |
| 15 | Original |
| 16 | Original |
| 17 | Original |
| 18 | Original |
| 19 | Original |
| 20 | Original |
| 21 | Original |
| 22 | Original |
| 23 | Original |

Issued: 02/07/02                                    Effective:  03/15/02

Issued by:              Houssam Abdallah, President
                        3957 Pleasantdale Road        Date Approved: 03/15/02
                        Atlanta, GA  30340            D/Docket #:  27231
                                                      Analyst:  JC

Global Connection Inc. of Alabama
Local Exchange Services Tariff

Alabama Tariff No. 2
Original Page No. 3

## CONCURRING CARRIERS
None

## CONNECTING CARRIERS
None

## OTHER PARTICIPATING CARRIERS
None

---

Issued: 02/07/02                                   Effective: 03/15/02

Issued by:                    Houssam Abdallah, President
                              3957 Pleasantdale Road
                              Atlanta, GA  30340              Date Approved: 03/15/02
                                                             D/Docket #: 27231
                                                             Analyst: JC

Global Connection Inc. of Alabama                                    Alabama Tariff No. 2
Local Exchange Services Tariff                                       Original Page No. 4

# TABLE OF CONTENTS

Title Page ........................................................................................ 1

Check Sheet ................................................................................. 2

Participating Carriers ................................................................. 3

Table of Contents ...................................................................... 4

Symbols ...................................................................................... 5

Application of Tariff .................................................................. 6

Tariff Format ............................................................................. 7

Section 1 – Technical Terms and Abbreviations ................................8

Section 2 – Rules and Regulations........................................…9-19

Section 3 -  Description of Service ...........................................20

Section 4 – Rates................................................................…21

Section 5 – Special Service Arrangements ...... ……….……………. 22

Section 6 – Service Area.........................................................23

Issued: 02/07/02                                        Effective:  03/15/02

Issued by:                      Houssam Abdallah, President
                                    3957 Pleasantdale Road               **Date Approved: 03/15/02**
                                    Atlanta, GA  30340                   **D/Docket #: 27231**
                                                                         **Analyst:  JC**

Global Connection Inc. of Alabama                                    Alabama Tariff No. 2
Local Exchange Services Tariff                                       Original Page No. 5

## SYMBOLS

The following are the symbols used for the purposes indicated below:

D — Delete or discontinue.

I — Change resulting in an increase to a customer's bill.

M - Moved from another tariff locations.

N - New

R - Change resulting in a reduction to a customer's bill

T - Change in text or regulation.

---

Issued: 02/07/02                                        Effective:  03/15/02

Issued by:                        Houssam Abdallah, President
                                     3957 Pleasantdale Road          **Date Approved: 03/15/02**
                                      Atlanta, GA  30340             **D/Docket #: 27231**
                                                                     **Analyst:  JC**

Global Connection Inc. of Alabama                          Alabama Tariff No. 2
Local Exchange Services Tariff                             Original Page No. 6

# APPLICATION OF TARIFF

This tariff contains the regulations and rates applicable to the furnishing of intrastate common carrier communication service by Global Connection Inc. of Alabama within the State of Alabama.

Issued: 02/07/02                                   Effective: 03/15/02

Issued by:                  Houssam Abdallah, President
                            3957 Pleasantdale Road          Date Approved: 03/15/02
                            Atlanta, GA  30340              D/Docket #:  27231
                                                           Analyst:  JC

# TARIFF FORMAT

A.  Sheet Numbering - Sheet numbers appear in the upper right corner of the page. Sheets are numbered sequentially. However, new sheets are occasionally added to the tariff. When a new sheet is added between sheets already in effect, a decimal is added. For example, a new sheet added between sheets 14 and 15 would be 14.1.

B.  Sheet Revision Numbers – Revision numbers also appear in the upper right corner of each page. These numbers are used to determine, the most current sheet version on file with the APSC. For example, the 4th revised Sheet 14 cancels the 3rd revised sheet 14. Because of various suspension periods, deferrals, etc. the sheet number on file with the Commission is not always the tariff page in effect. Consult the Check Sheet for the sheet currently in effect.

C.  Paragraph Numbering Sequence – There are nine levels of paragraph coding. Each level of coding is subservient to the next higher level:

      2.
      2.1
      2.1.1
      2.1.1.A.
      2.1.1.A.1.
      2.1.1.A.1.(a)
      2.1.1.A.1.(a).I
      2.1.1.A.1.(a).I.(i).
      2.1.1.A.1.(a).I.(i).(1).

D.  Check Sheets – When a tariff filing is made with the APSC, an updated Check Sheet accompanies the tariff filing. The Check Sheet lists the sheets contained in the tariff, with a cross-reference to the current revision number. When new pages are added, the Check Sheet is changed to reflect the revision. All revisions made in a given filing are designated by an as asterisk (*). There will be no other symbols used on this page if these are the only changes made to it (i.e., the format, etc. remain the same, just revised revision levels on some pages.) The tariff user should refer to the latest Check Sheet to find out if a particular sheet is the most current on file with the APSC.

---

Issued: 02/07/02                                              Effective: 03/15/02

Issued by:                    Houssam Abdallah, President
                                 3957 Pleasantdale Road
                                   Atlanta, GA 30340          **Date Approved: 03/15/02**
                                                              **D/Docket #: 27231**
                                                              **Analyst: JC**

## SECTION 1 – TECHNICAL TERMS AND ABBREVIATIONS

**Access Line** – An arrangement that connects the customer's location to a switching center or point of presence.

**Authorized User** – A person, firm, corporation, or any other entity authorized by the Customer to use the GLOBAL service.

**Carrier or Company** – Whenever used in this tariff, "Carrier," "Company," or "Global" refers to Global Connection Inc. of Alabama unless otherwise specified or clearly indicated by the context.

**Commission** – The Alabama Public Service Commission.

**Customer** – The person, firm, corporation, or other entity which orders, cancels, amends, or uses service and is responsible for payment of charges and compliance with the Company's tariff.

**GLOBAL** – Used through this tariff to mean Global Connection Inc. of Alabama unless clearly indicated otherwise by the text.

**LEC** – Local Exchange Company

**Local Exchange Services** – Telecommunications services furnished for use by end-users in placing and receiving local telephone calls within local calling areas.

**Long Distance Service Provider** – The telecommunications company that the customer contracts with to provide long distance service.

**Resold Local Exchange Service** – A service composed of the resale of exchange access lines and local calling provided by an authorized Local Exchange Carrier and purchased by GLOBAL

**APSC** – Alabama Public Service Commission.

---

Issued: 02/07/02                                        Effective: 03/15/02

Issued by:                          Houssam Abdallah, President
                                    3957 Pleasantdale Road          **Date Approved: 03/15/02**
                                    Atlanta, GA 30340               **D/Docket #: 27231**
                                                                    **Analyst: JC**

## SECTION 2 – RULES AND REGULATIONS

### 2.1    Undertaking of GLOBAL

GLOBAL's services offered pursuant to this Tariff are furnished for Local Exchange Service among specified points with a Local Calling Area.

The Company's services are provided on a monthly basis unless otherwise indicated, and are available twenty-four hours per day, seven days per week.

### 2.2    Limitations

2.2.1    Service is offered subject to the availability of the necessary facilities and equipment, and subject to the provisions of this tariff.

2.2.2    GLOBAL reserves the right to discontinue or limit service when necessitated by conditions beyond its control, or when the Customer is using service in violation of provisions of this tariff, or in violation of the law.

2.2.3    The Company does not undertake to transmit messages, but offers the use of its facilities when available, and will not be liable for errors in transmission or for failure to establish Connections.

2.2.4    The local exchange telephone service provided under this tariff are controlled by GLOBAL, and the Customer may not transfer or assign the use of service without the express written consent of the GLOBAL.    Such transfer or assignment shall only apply where there is no interruption of the use or location of the service.

2.2.5    Prior permission from the Company is required before any assignment or transfer.    All regulations and conditions contained in this tariff shall apply to all such permitted assignees or transferees, as well as all conditions of service.

---

Issued: 02/07/02                                                    Effective:  03/15/02

Issued by:                          Houssam Abdallah, President
                                   3957 Pleasantdale Road          **Date Approved: 03/15/02**
                                     Atlanta, GA  30340            **D/Docket #:  27231**
                                                                   **Analyst:  JC**

Global Connection Inc. of Alabama                    Alabama Tariff No. 2
Local Exchange Services Tariff                       Original Page No. 10

## SECTION 2 – RULES AND REGULATIONS, CONT.

2.3    Use

Services provided under this tariff may be used for any lawful purpose for
which the service is technically suited.

2.4    Liabilities of the Company

2.4.1    GLOBAL's liability for damages arising out of mistakes,
interruptions, omissions, delays, errors, or defects in transmission
which occur in the course of furnishing service or facilities, in no
event shall exceed an amount equivalent to the proportionate charge
to the customer for the period during which the faults in transmission
occur.

2.4.2    GLOBAL shall not be liable for claim or loss, expense or damage
(including indirect, special or consequential damage), for any
interruption, delay, error, omission, or defect in any service, facility,
or transmission provided under this tariff, if caused by any person or
entity other than GLOBAL, by any malfunction of any service or
facility provided by any other carrier, by an act of God, fire, war,
civil disturbance, or act of government, or by any other cause beyond
the GLOBAL 's direct control.

2.4.3    GLOBAL shall not be liable for, and shall be fully indemnified and
held harmless by the Customer against any claim or loss, expense, or
damage (including indirect, special or consequential damage) for
defamation, libel, slander, invasion, infringement of copy-right or
patent, unauthorized use of trademark, trade name, or service mark,
unfair competition, interference with or misappropriation or violation
of any contract, proprietary or creative right, or any other injury to
any person, property or entity arising out of the material, data,
information, or other content revealed to, transmitted, or used

---

Issued: 02/07/02                              Effective:  03/15/02

Issued by:                    Houssam Abdallah, President
                              3957 Pleasantdale Road        Date Approved: 03/15/02
                              Atlanta, GA  30340            D/Docket #: 27231
                                                           Analyst:  JC

Global Connection Inc. of Alabama
Local Exchange Services Tariff

Alabama Tariff No. 2
Original Page No. 11

### SECTION 2 – RULES AND REGULATIONS, CONT.

2.4.3 Liabilities of Company, cont.

by GLOBAL under this tariff; or for any act or omission of the Customer; or for any personal injury or death of any person caused directly or indirectly by the installation, maintenance, location, condition, operation, failure, presence, use or removal of equipment or wiring provided by GLOBAL, if not directly caused by negligence of GLOBAL.

2.4.4 No agent or employee of any other carrier shall be deemed to be an agent or employee of GLOBAL.

2.4.5 GLOBAL shall not be liable for any defacement of or damages to the premises of a Customer resulting from the furnishing of service, which is not the direct result of GLOBAL negligence.

2.5 Deposits

GLOBAL does not require a deposit from the Customer.

2.6 Payment for Service

2.6.1 The customer is responsible for all charges for services and furnished to the Customer or to an authorized user of the Customer by. All charges due by the Customer are payable to GLOBAL or to GLOBAL's authorized billing agent. Terms of payment shall be according to the rules and regulations of the billing agent and subject to the rules of regulatory agencies, including the commission.

2.6.2 Customer must prepay each month for all services rendered. The customer must prepay the applicable installation charge and the first months local exchange service charge before service begins. In each subsequent month the customer will be sent invoice by the US postal service no later than the 20 days before the delinquent date.

---

Issued: 02/07/02

Effective: 03/15/02

Issued by:

Houssam Abdallah, President
3957 Pleasantdale Road
Atlanta, GA 30340

Date Approved: 03/15/02
D/Docket #: 27231
Analyst: JC

## SECTION 2 – RULES AND REGULATIONS, CONT.

2.6   Payment of Service, cont.

    2.6.3   If service is suspended and the customer restores service, the customer is required to pay a $30.00 restoration fee and any remaining balance.

    2.6.4   If service is disconnected and the customer reinstates service, the customer is required to pay a $30.00 reconnection fee and any remaining balance.

2.7   Taxes

All federal, state and local taxes (including, but not limited to, franchise fees, excise tax, sales tax, municipal utilities tax, education taxes, 911 fees, and FCC charges) are listed as separate line items and are not included in the quoted rates.

2.8   Terminal Equipment

The service provided by GLOBAL may be used with or terminated in Customer provided terminal equipment or Customer provided communications systems, such as a PBX, key systems or Pay telephone. Such terminal equipment shall be furnished and maintained at the expense of the Customer, except as otherwise provided.   The Customer is responsible for all costs at his or her premises, including personnel, wiring, electrical power, and the like incurred in the use of the GLOBAL's service. When such terminal equipment is used, the equipment shall comply with the generally accepted minimum protective criteria standards of the telecommunications industry as endorsed by the Federal Communications Commission.

2.9   Installation and Termination

Service is installed upon mutual agreement between the Customer and GLOBAL. The agreement will determine terms and conditions of installation, termination of service, and conditions of installation, any applicable sales commission structure, and sales commission payment schedule. The service agreement does not alter rates specified in this tariff.

---

Issued: 02/07/02

Effective:   03/15/02

Issued by:

Houssam Abdallah, President
3957 Pleasantdale Road
Atlanta, GA  30340

Date Approved:  03/15/02
D/Docket #:  27231
Analyst:  JC

Global Connection Inc. of Alabama
Local Exchange Services Tariff

Alabama Tariff No. 2
Original Page No. 13

## SECTION 2 – RULES AND REGULATIONS, CONT.

2.10    **Other Rules**

   2.10.1    GLOBAL reserves the right to refuse to process Credit Card or Calling Card billed calls when authorization for use of the card cannot be validated.

   2.10.2    GLOBAL reserves the right to discontinue service, limit service, or to impose requirements on Subscribers as required to meet changing regulatory rules and standards of the Alabama Public Service Commission.

2.11    **Cancellation by the Customer**

   When a customer desires to have his service terminated, he must notify GLOBAL, either orally or in writing.    *I did that*

2.12    **Interconnections**

   Service furnished by GLOBAL may be connected with the services or facilities of other carriers or enhanced service providers. The Customer is responsible for all charges billed by these entities for use in Connection with GLOBAL's service.   Any special interface equipment or facilities necessary to achieve compatibility between these entities is the responsibility of the customer.  Neither GLOBAL nor any interconnections carrier participation in a service shall be liable for any act or omission of any other company furnishing a portion of such service.

2.13    **Refusal or Discontinuance by Company**

   GLOBAL mails the Customer a statement at least 20 days prior to the delinquent date.  The due date is clearly indicated on the statement.  The statement also includes a Notice to the Customer that service may be disconnected 5 days after the due date if payment is not made in full. GLOBAL reserves the right to suspend customers rather than disconnect the customer depending upon the circumstances.   GLOBAL may suspend, refuse or discontinue service under the following conditions:

---

Issued: 02/07/02

Effective:  03/15/02

Issued by:

Houssam Abdallah, President
3957 Pleasantdale Road
Atlanta, GA  30340

Date Approved: 03/15/02
D/Docket #: 27231
Analyst:  JC

Global Connection Inc. of Alabama
Local Exchange Services Tariff

Alabama Tariff No. 2
Original Page No. 18

## SECTION 2 – RULES AND REGULATIONS, CONT.

2.23    Access to Telephone Relay Services

Where required by the Commission, GLOBAL will participate in telephone
relay services for handicapped and/or hearing-impaired end users, and will
comply with all applicable regulations and requirements as specified by the
Alabama Public Service Commission. GLOBAL may impose any monthly
surcharge or any other applicable related charge upon its local service
subscribers as may be allowed by state law.

2.24    Access to Carrier of Choice

End users of GLOBAL'S local service shall have the right to select the
Long Distance Service Provider of their choice. The LDSP should request
confirmation/verifications of choice from its customers no later than the
date of submission of its first bill to the customer. The LDSP should
maintain signed letters of agency or confirmations of choice on file for use
in dispute resolution.

*provided by Global Connections;
100 Free min., and 5.9¢ per min.
for Drafted Credit Card
for any additional minutes . . . .*

2.25    Directory listings

2.25.1    The Company does not publish a directory of subscriber listings.
The Company, however, does allow for the customer's main billing
number to be placed in the directory or directories of the dominant
local exchange carrier in their area.

2.25.2    The regulations specified herein for directory listings apply only to
the alphabetical section of the directory. Listings are intended
solely for the purpose of identifying subscriber's telephone number
and as an aid to use of telephone service.

2.25.3    In accepting listings as requested by subscribers, GLOBAL will not
be a party to controversies between subscribers and directory
publishers as a result of the publication of such listings in the
directories.

Issued: 02/07/02                                          Effective:  03/15/02

Issued by:                          Houssam Abdallah, President
                                    3957 Pleasantdale Road            Date Approved: 03/15/02
                                    Atlanta, GA  30340                D/Docket #:  27231
                                                                      Analyst:  JC

Global Connection Inc. of Alabama                    Alabama Tariff No. 2
Local Exchange Services Tariff                       Original Page No. 24

## SECTION 6 – SERVICE AREA

### 6.1    Service Area

GLOBAL will serve all areas of Alabama which are serviced by an
Incumbent Local Exchange Service provider for which GLOBAL has
a resale agreement.

---

Issued: 02/07/02                                     Effective:  03/15/02

Issued by:                 Houssam Abdallah, President
                               3957 Pleasantdale Road        Date Approved: 03/15/02
                               Atlanta, GA  30340            D/Docket #:  27231
                                                             Analyst:  JC