IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, ) | |
| ) | Case Number: |
| Plaintiff ) | |
| ) | 3:07-CV-042-MEF |
| v. ) | |
| ) | |
| GLOBAL CONNECTION INC. OF AMERICA, ) | |
| ET AL, ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS' MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Come Now, Defendants and files this their Memorandum Brief in Opposition to Plaintiff's Motion for Summary Judgment and show the Court as follows:

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants hereby incorporate by reference the Statement of Undisputed Material Facts contained in their Brief in Support of Their Motion for Summary Judgment (E.C.F. Document #58).

### PLAINTIFF'S AFFIDAVIT ATTACHED TO HIS MOTION FOR SUMMARY JUDGMENT

Plaintiff's Affidavit is primarily a sworn statement that the Plaintiff disagrees with certain portions of the Affidavit of Sam Abdallah filed earlier in this action. Defendants would only note that Plaintiff's Affidavit at Paragraph 10 is at odds with his own Responses to Interrogatories in that he claims in the affidavit to have been defrauded for the entire term of his contract with the Global Connection Defendants and in his interrogatory responses he admitted to receiving telephone services in exchange for payment as agreed in the contract terms listed on the invoices. There is no new evidence

adduced from Plaintiff's Affidavit and it does not change the Undisputed Facts according to his own discovery responses discussed above.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves, 530 U.S. at 151, quoting 9 A.C. Wright & A. Miller, Federal Practice and Procedure § 2529, p.299. "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.6 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### II. RESPONSE TO PLAINTIFF'S BRIEF

Paragraph 1 of Plaintiff's Brief states the fact of the agreement between the parties, which is not disputed.

Paragraph 2 states he never received compensation for the 100 free minutes he was initially promised. Without addressing whether any promise was made the Plaintiff admits he received the value of the long distance minutes in his response to Paragraph 14 of Defendants' First Interrogatories where he was asked whether he received a $10.00 credit on his December 20, 2005 invoice and he replied "Yes! (Payment was for long distance service)". That is reinforced in his response to Paragraph 9 of Defendants' First Interrogatories where Plaintiff admits he received local telephone service and long distance service from the Global Connection Defendants, referencing the $10.00 payment made to him. So there is a dispute between Plaintiff's own Affidavit and his response to the Interrogatories which should not be resolved in his favor. It is well settled that a party cannot seek to avert the purpose of Federal Rule of Civil Procedure 56 by attempting to create fact-based issues which contradict earlier testimony. Van T. Junkins and Associates, Inc. v. U.S. Industries, 736 F.2d 656, 657 (11th Cir. 1984); Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984). Plaintiff had already submitted interrogatory responses which were cited in Defendants' Brief prior to his eleventh hour change of mind in his affidavit. Therefore the Court should disregard the affidavit to the extent it is in dispute with the Plaintiff's discovery responses.

Paragraph 3 discusses Plaintiff entering into an agreement with another telephone carrier which is not relevant to his cause of action here.

Paragraph 4 erroneously states that the Global Connection Defendants ignored Plaintiff's request to terminate service. Plaintiff was invoiced on December 20, 2005 and expected to pay no later than January 7, 2006. His call, which took place on January 6, 2006 was made prior to the transaction to pay his bill which did not post until January 9,

2006. Upon learning of his cancellation of service after payment of the bill in full, the Global Connection Defendants issued to the Plaintiff a check for $21.99, representing a refund of his $46.99, less the $25.00 processing fee. Plaintiff, for reasons known only to him, has failed to deposit that check. This followed the terms of the agreement to the letter. Plaintiff's apparent failure to read the agreement cannot be construed against the Defendants.

Paragraph 5 of Plaintiff's Brief supports this as it confirms the check mailed to Plaintiff for $21.99.

Paragraph 6 is also erroneous in that Plaintiff has not provided any evidence that the Defendants ignored his cancellation of service. Defendants followed the exact procedure prescribed by the agreement between the parties once they learned of Plaintiff's cancellation of service.

Plaintiff then follows with a legal argument. He cites case law regarding standards of proof for mail fraud, wire fraud and civil RICO actions, but in no way demonstrates any such proof in this case, let alone proof sufficient to support a grant of judgment as a matter of law. Defendants incorporate by reference their citations to authority, exhibits and argument contained in their Brief Supporting Their Motion for Summary Judgment (E.C.F. Document #58) to rebut any such argument made that Plaintiff has made out a case sufficient to authorize a grant of summary judgment.

## CONCLUSION

For all the foregoing reasons all Defendants are entitled to a judgment as a matter of law on all counts of the Plaintiff's Complaint and Amended Complaint and the

Plaintiff is not entitled to a judgment as a matter of law on any count of his Complaint or Amended Complaint.

This 22nd day of February, 2008.	MCKOON & ASSOCIATES

*/s/Joshua R. McKoon*
By:_____
     Joshua R. McKoon
     State Bar No. MCK057

925 Broad Street
Post Office Box 3220
Phenix City, Alabama 36868-3220
334.297.2300

## CERTIFICATE OF SERVICE

      Counsel for the Defendant has this day served the foregoing on the Plaintiff via First Class Mail at the following address:

Alonzo Austin
1321 Oliver Carus Road
Tuskegee, Alabama 36083

This 22nd day of February, 2008.

                                       /s/Joshua R. McKoon

                                       Counsel for Defendant