```
 1                IN THE UNITED STATES DISTRICT COURT
 2                FOR THE MIDDLE DISTRICT OF ALABAMA
 3                          EASTERN DIVISION
 4
 5   ALONZO AUSTIN,
 6       Plaintiff,
 7   vs.                        CASE NO.: 3:07-cv-042-MEF
 8   GLOBAL CONNECTION, INC., et al.,
 9       Defendants.
10                  * * * * * * * * * * * * *
11                   HEARING ON SCHEDULING ORDER
12                  * * * * * * * * * * * * *
13       BEFORE THE HONORABLE TERRY F. MOORER, UNITED STATES
14    MAGISTRATE JUDGE, at Montgomery, Alabama, on May 24, 2007,
15    commencing at 9:28 a.m.
16                            APPEARANCES
17  FOR THE PLAINTIFF:      Pro se
                            Mr. Alonzo Austin
18                          1321 Oliver Carlis Road
                            Tuskegee, AL  36083-3739
19
20  FOR THE DEFENDANT:      Mr. Joshua R. McKoon
                            MCKOON, THOMAS & MCKOON
21                          925 Broad Street
                            Post Office Box 3220
22                          Phenix City, AL  36868-3220
23
          Proceedings recorded by digital sound recording;
24
       transcript produced by stenography and computer.
25
```

PATRICIA G. STARKIE, RDR, CRR, OFFICIAL COURT REPORTER
U.S. DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA
ONE CHURCH STREET, MONTGOMERY, AL  36104   334-262-1221

```
 1      (The following proceedings were heard before the Honorable
 2   Terry F. Moorer, United States Magistrate Judge, at Montgomery,
 3   Alabama, on May 24, 2007, commencing at 9:28 a.m.:)
 4       THE COURT:  Good morning.  This is the time the Court has
 5   set to review the scheduling order in this case.  For the
 6   plaintiff, who do I have?
 7           MR. AUSTIN:  Alonzo Austin.
 8           THE COURT:  And for Global Connection, who do I have?
 9           MR. McKOON:  Josh McKoon, Your Honor.
10           THE COURT:  Joshua Coon?
11           MR. McKOON:  Joshua McKoon.  M-C-K-O-O-N.
12           THE COURT:  Thank you, Mr. McKoon, and Mr. Austin.
13           Mr. Austin, we're going to go over this scheduling
14   order.  And the reason that I called this hearing in person as
15   opposed to doing this one over the phone is when I have someone
16   who is representing themselves, I find it to be beneficial to
17   everyone concerned, particularly the person who is representing
18   themselves, for me to explain to them the importance of the
19   dates that are set out in this order.
20           Because you are pro se, I assume you have never had
21   formal legal training, Mr. Austin?
22           MR. AUSTIN:  That's correct, Your Honor.
23           THE COURT:  I appreciate the difficulty that you're
24   going to have as you go through this process; but because you
25   are representing yourself, I can't treat you any differently
```

1   than I would if you were represented by an attorney.  It's not
2   to say that the task that you've got before you is an impossible
3   one.  I'm simply saying that there are some things that if you
4   had an attorney representing you, you wouldn't have to worry
5   about in the sense that you would know that certain things need
6   to be done and when those things have to be done and how to go
7   about doing those things within the parameters of the law.  But
8   the fact that you are pro se or representing yourself is not
9   something that I can take into account if there are some
10  disputes that occur as a result of you doing certain things or
11  not doing certain things down the road.  So you may very well
12  wish to consider hiring someone to represent you or at least
13  conferring with an attorney who might be able to guide you
14  through this process, even though they may not necessarily
15  represent you.  That's a decision you have to make.  But I just
16  want you to understand that when these deadlines are set, they
17  are not what we would say are aspirational.  They need to be
18  done by the times that -- the things need to be done by the
19  times set out in the order that I'm going to enter later today.
20  Do you understand what I'm saying?
21          MR. AUSTIN:  I do.
22          THE COURT:  All right.  The date that the Court intends
23  to set is -- for prediscovery matters, June the 1st of 2007.
24  All of the discovery in this case should be completed by
25  November the 19th of 2007.  Any dispositive motions will need to

1  be filed by October the 22nd of 2007.
2           Mr. Austin, the completion of discovery date is
3  November the 19th of 2007, but there are -- even though November
4  the 19th is some distance in the future -- and you'll get a
5  written copy of this -- you need to not think of this in the
6  sense of, I've got a long time to do it.  That's when everything
7  should be complete.  There are things that have to be done
8  before November the 19th.  And so you'll need to be on those
9  things quite early.
10          The dispositive motion deadline is a very important
11 deadline because that is the date by which certain motions like
12 motions for summary judgment or motions for judgment on the
13 pleadings are due.  And those pleadings might dispose of the
14 case one way or the other.  It may decide that you either win or
15 lose on that date, and you never get to the November the 19th
16 date.  You never get to it, and you don't even get to a trial
17 date.
18          On November the 5th of 2007, you will have a
19 requirement to have a face-to-face meeting where you and the
20 defendant attempt to meet and settle the case.  On November the
21 12th, you shall file a pleading called a notice concerning
22 settlement conference and mediation.  I'll need to know in that
23 notice -- and this is set out in the order that I'm going to
24 issue -- whether or not you were able to reach a compromise or
25 not and whether or not you believe mediation may be useful in

1  trying to resolve this case.  I am, as I said, going to issue a
2  written order with all of this information and more information
3  set forth in it.  You'll have 14 days from the date of this
4  order, which will be June the 7th, if you decide at the
5  conclusion of this hearing today that some of these deadlines
6  need to be moved.  So if you don't do anything, these dates will
7  be set.  When it gets time for these things that need to be done
8  that are set out in this order, then I will expect them to be
9  done.
10         In discovery, Mr. Austin, there are certain things that
11 are supposed to be done, and that is where information is
12 exchanged between the parties.  That's expected that that will
13 occur between the parties.  In other words, that will mean that
14 you'll need to communicate with Mr. McKoon.
15         Now, Mr. McKoon, how long have you been admitted to the
16 bar?
17         MR. McKOON:  Three years, Your Honor.
18         THE COURT:  Okay.  Mr. McKoon may have to contact you
19 directly to ask you for information or to do things called
20 depositions, schedule depositions, that type of thing.
21 Likewise, you may have to contact him.  The idea is that to the
22 maximum extent possible, the two of you should try to resolve
23 any discovery disputes that you might have.  That is a
24 requirement before you file any pleadings saying that you have a
25 problem, is that you first tried to resolve it among yourselves

```
 1  and could not.
 2          In most cases, Mr. Austin, when I've got attorneys
 3  representing each party, they will go through a whole discovery
 4  process, start to finish, and I won't even have any involvement
 5  beyond this point of issuing an order setting out the
 6  deadlines.  The two of you can agree among yourselves to do
 7  things differently than what's set out in this order if you
 8  choose to do that; however, in the final analysis, the order
 9  will control.
10          Now, oftentimes attorneys, because they've worked with
11  each other and have a relationship with each other and are
12  officers of the court, do decide that a particular day is better
13  to do something than others, even though the order may require
14  something to be done by a certain time.  But you need to look at
15  these dates as being very important and that the things that are
16  required to be done on these dates be done on the dates that are
17  set out.
18          Is there anything from you, Mr. Austin, as the
19  plaintiff?
20          MR. AUSTIN:  Yes, Your Honor.  I would like to thank
21  you very much for your presentation.  I did -- with respect to
22  this conference scheduling and the report of the meeting, the
23  26(f) conference, I made an attempt on the 2nd, sent via fax to
24  Counsel McKoon, and Counsel McKoon did respond via telephone
25  message.  And I had proposed that he and I meet on the 3rd,
```

1  midway between Tuskegee and Phenix City, where his office is,
2  and my home, in Opelika at the public library.  Upon his
3  returning my call, he indicated to me that he would not be able
4  to meet with me either on the 3rd or the 4th.  So then he
5  recommended that we do it via the telephone.  I was uneasy with
6  that because I thought I had read somewhere where normally if
7  it's within 100 miles, you are to come together and meet.  But
8  he indicated at that time normally attorneys just get together
9  and do it via the telephone.  So I consented, okay, and so we
10 began to set out with that process.
11         Now, it did not happen over the telephone because we
12 were just unable to complete the process.  I was left
13 frustrated.  But he did inform me that he was going to e-mail
14 electronically, okay, our meeting via the telephone and what we
15 discussed, and he also informed me that he would send me a fax.
16 To this day, I don't have the fax.  And I'm just -- I want to
17 apologize to the Court for that, because I was unable to get
18 officer -- or Counselman McKoon to agree to a meeting place.
19         THE COURT:  Well, Mr. Austin, this is, again, one of
20 those things -- you indicated that you're frustrated.  These are
21 the kinds of frustrations that a person represented by an
22 attorney doesn't have to undergo.  Attorneys are in a business
23 like other businesses, and they understand how things go,
24 whereas you as a layman don't necessarily understand how these
25 things work.  Mr. Austin, normally attorneys, when they are

1  trying to resolve matters related to discovery, do a good deal
2  of their work over the telephone, especially where it's routine
3  things such as trying to get dates on calendars set up and that
4  type of thing.  Even Rule 26(f) meetings oftentimes take place
5  via telephone where they talk among each other.  So all the more
6  reason you may wish to reconsider whether you want to represent
7  yourself, Mr. Austin, or get someone else.  That decision is
8  purely up to you.  But as I said earlier, it is oftentimes
9  easier for the litigants to work through their attorneys because
10 they know how things go and they know how to get things done
11 with as little friction as possible.
12        Now, if you have some objections to what has happened
13 to this point and if you feel that there is something that you
14 need the Court's intervention to do, then you'll need to file a
15 motion.  And here again, I won't be able to represent you in the
16 course of this matter.  There may be things that Mr. McKoon does
17 or doesn't do that -- that you might have some means by which
18 you can get him to do what you want him to do.  You as a layman
19 may not know that.  And I'm not saying that Mr. McKoon is going
20 to take advantage of you, but Mr. McKoon is in this case because
21 he's got a duty to represent Global Connection to the best of
22 his ability and within the rules.  And so you won't be able to
23 depend upon Mr. McKoon to help you out so to speak.  I think
24 Mr. McKoon will probably cooperate with you within the realm of
25 decency and cooperation, as he would with any other litigant,

```
 1  but in the final analysis he's got to do what he thinks is best
 2  for Global Connection, which is not in your best interests.
 3          I won't be able to help you.  You may wish to seriously
 4  reconsider your decision to represent yourself.  Issues that
 5  you've had just -- you've told me just now are the kind of
 6  things that lawyers know whether or not that's something they
 7  need to file a motion about or not.  I can't advise you to file
 8  a motion or not.  I can't advise you what to do.  I can only
 9  tell you, this is the schedule we've got right now, and as this
10  thing goes along, you're going to have other issues that
11  probably crop up.  Even when lawyers are representing each
12  party, there are things where reasonable minds and reasonable
13  attorneys can differ about it, and they sometimes have to ask me
14  to get involved and to decide it, and I do the best I can, and
15  then they go on their way.  There's going to be things that
16  happen in the course of this case that you're going to have to
17  rely upon yourself as long as you represent yourself to resolve,
18  and it may put you at a disadvantage.  There's nothing I can do
19  about that.
20          Is there anything further from you, Mr. Austin?
21          MR. AUSTIN:  Just one more thing, Judge.  With respect
22  to the Court's conflict disclosure statement, I received the
23  order in the mail, and it made it quite clear that Officer
24  McKoon only had ten days.  And it also makes it clear that I
25  should receive a copy via certificate of service.  And so it's
```

```
 1  just continuing, continuing.  I have yet to receive a copy of
 2  anything via certificate of service from the defendant's
 3  attorney.
 4          THE COURT:  Well --
 5          MR. AUSTIN:  And I always served him.
 6          THE COURT:  Mr. Austin, this is one matter, though,
 7  that I can help you with.  The corporate disclosure reporting
 8  process exists, really, for the benefit of the Court and the
 9  benefit of the parties.  When they file whatever they put into
10  their corporate disclosure reports, it's so that the judges can
11  see whether or not they have any financial interest in a case.
12          MR. AUSTIN:  Yes, sir.
13          THE COURT:  And if a judge has a penny's worth of a
14  financial interest in a case, then a judge has to excuse
15  themselves from the case.  And not only does it extend to the
16  judge, it also extends to family members of the judges.  And I
17  say that to say I can put your mind at ease.  I don't own any
18  stock, my wife owns no stock, my children own no stock.
19  Regardless of who owns Global Connection, there is no conflict
20  as far as me with Global Connection.  I don't know you.  I have
21  no financial interest that I am aware of with you.  So they
22  filed their corporate disclosure statement today, but as far as
23  I am concerned, there's not going to be anything that they can
24  show that's going to be a financial conflict.  And to my
25  knowledge, I have not laid eyes on Mr. McKoon before we came
```

```
 1  into court today or you.
 2          MR. AUSTIN:  Yes, sir.  And the only thing that I'm
 3  really hoping for is that the certificate of service with
 4  respect to whatever his position is in this court, that I be
 5  served.
 6          THE COURT:  Well, you have Mr. McKoon's address,
 7  correct?
 8          MR. AUSTIN:  I do.
 9          THE COURT:  And Mr. McKoon has your address?
10          MR. AUSTIN:  Correct.
11          THE COURT:  And you have his phone number and he has
12  your phone number?
13          MR. AUSTIN:  Correct.
14          THE COURT:  He has your e-mail address?
15          MR. AUSTIN:  I don't have an e-mail, but he has a fax.
16          THE COURT:  Okay.  And he has an e-mail address that
17  you have?
18          MR. AUSTIN:  I just have the fax number because I don't
19  have an e-mail --
20          THE COURT:  No.  I'm saying, Mr. McKoon has an e-mail
21  address?
22          MR. AUSTIN:  I don't know.
23          MR. McKOON:  I do, Your Honor.
24          THE COURT:  Okay.  Well, if you will give him that,
25  then if, for whatever reason, you end up not receiving service
```

```
 1  of something that you feel that you're entitled to receive, then
 2  it will be up to you as your own attorney to bring that to the
 3  Court's attention by way of the appropriate motion.
 4              MR. AUSTIN:  Okay.  Fair enough.  Thank you, sir.
 5              THE COURT:  Okay.  Is that all from you, Mr. Austin?
 6              MR. AUSTIN:  Thank you.
 7              THE COURT:  Is there anything further from you,
 8  Mr. McKoon?
 9              MR. McKOON:  No, Your Honor.  We've had an opportunity
10  to review the proposed scheduling order.  We don't have any
11  objection.  I would only say, as to the service issue, I did
12  serve Mr. Austin this morning just by hand delivery the
13  corporate conflict statement, and it's my intention going
14  forward, just to make sure there are no further service issues,
15  simply to serve anything that's required by certified mail so
16  there's no question that it's been served and that he's received
17  it.
18              THE COURT:  Yes, Mr. Austin?
19              MR. AUSTIN:  He just made a statement, and I think I
20  need to clarify one thing with respect to the discovery.  There
21  is some information that I didn't -- that he and I did not
22  discuss that I would like to amend to make absolutely sure that
23  what's on there, same thing he and I have on there.  For
24  example, I was not aware of -- you're Global Connection.  That's
25  who I filed against.  But the other subsidiaries and
```

1  associations I was not aware of.  So he just now handed me
2  this.  But when I look at my discovery, I realize that I would
3  like to add the defendant's tax returns for 2004, 2005, and 2006
4  in the discovery portion.
5         THE COURT:  Well, Mr. Austin, you're free to file any
6  motions you feel necessary.  But like I said, initially you're
7  expected to deal with Mr. McKoon either face to face or by
8  telephone or by letter to try to resolve whatever you feel that
9  you still are owed before you file motions with the Court.
10 Okay?  The case isn't decided today.  Today all we're doing is
11 we're setting out the schedule.  And you're now at the gates,
12 and once I enter this order, the race will be on.  Okay?  All
13 right.  If there's nothing further, this matter will be...
14       (Tape cut off)
15     (Proceedings concluded at 9:50 a.m.)
16              * * * * * * * * * * * * *
17             COURT REPORTER'S CERTIFICATE
18       I certify that the foregoing is a correct transcript
19 to the best of my ability from the official sound recording of
20 the proceedings in the above-entitled matter.
21       This 19th day of May, 2008.
22
23                   /s/ Patricia G. Starkie
                     Registered Diplomate Reporter
24                   Certified Realtime Reporter
                     Official Court Reporter
25