```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE MIDDLE DISTRICT OF ALABAMA

 3                       EASTERN DIVISION

 4

 5      ALONZO AUSTIN,

 6           Plaintiff,

 7      vs.                      CASE NO.: 3:07-cv-042-MEF

 8      GLOBAL CONNECTION, INC., et al.,

 9           Defendants.

10              *  *  *  *  *  *  *  *  *  *  *  *

11                  STATUS CONFERENCE HEARING

12              *  *  *  *  *  *  *  *  *  *  *  *

13         BEFORE THE HONORABLE TERRY F. MOORER, UNITED STATES

14      MAGISTRATE JUDGE at Montgomery, Alabama, on December 18,

15      2007, commencing at 8:57 a.m.

16                          APPEARANCES

17  FOR THE PLAINTIFF:      Pro se  (Via telephone)
                            Mr. Alonzo Austin
18                          1321 Oliver Carlis Road
                            Tuskegee, AL  36083-3739
19

20  FOR THE DEFENDANT:      Mr. Joshua R. McKoon (Via telephone)
                            MCKOON, THOMAS & MCKOON
21                          925 Broad Street
                            Post Office Box 3220
22                          Phenix City, AL  36868-3220

23
            Proceedings recorded by digital sound recording;
24
            transcript produced by stenography and computer.
25
```

```
 1        (The following proceedings were heard before the Honorable

 2   Terry F. Moorer, United States Magistrate Judge, at Montgomery,

 3   Alabama, on December 18, 2008, commencing at 8:57 a.m.:)

 4           THE COURT:  Good morning.

 5           MR. McKOON:  Good morning.

 6           MR. AUSTIN:  Good morning.

 7           THE COURT:  This is the time the Court has set for a

 8   hearing on various motions in the case of Austin versus Global

 9   Connection, case number 7cv42.

10           Mr. Austin, are you on line?

11           MR. AUSTIN:  Excuse me, Your Honor.  I'm on the line,

12   Your Honor, but I can barely hear you.

13           THE COURT:  Okay.  And for the defendant, who do I

14   have?

15           MR. McKOON:  Josh McKoon, Your Honor.

16           THE COURT:  Mr. McKoon and Mr. Austin, did you meet in

17   accordance with our conversation that we had last --

18           MR. AUSTIN:  Excuse me, Your Honor.  I can't pick you

19   up at all.

20           THE COURT:  Did the meeting take place that I had

21   directed you to have?

22           MR. McKOON:  Yes, Your Honor, it did.

23           MR. AUSTIN:  Yes, sir.

24           THE COURT:  In that meeting, Mr. Austin, did you

25   receive those materials which you said that you had not
```

```
 1  received?

 2          MR. AUSTIN:  Yes, sir.

 3          THE COURT:  Mr. McKoon, did you receive the materials

 4  which you had requested?

 5          MR. McKOON:  Well, Your Honor, I -- the only thing I

 6  was seeking were responses to my discovery requests, and

 7  Mr. Austin says he -- that that was the first he had seen of

 8  them, so he hasn't had time to prepare responses.

 9          THE COURT:  Well, Mr. Austin, you've had time to look

10  at those discovery requests.  How long do you need to get those

11  to Mr. McKoon?

12          MR. AUSTIN:  Your Honor, I have -- we've had 180 days,

13  and I have not heard from Mr. McKoon with respect to any of the

14  discovery until you came out with your order a few weeks ago to

15  show cause as to why we both had failed to meet certain

16  obligations under the scheduling order.  And we -- my -- as I've

17  indicated, we've had 180 days.  I -- I -- I'm just at a loss as

18  to what it is that Mr. McKoon wants.

19          MR. McKOON:  Well, I think -- and I -- in filing some

20  motions yesterday which I had delivered to Mr. Austin by

21  facsimile, I think the Court has a copy of the discovery

22  requests I've made.  I think they're fairly clearly set out.

23          And Your Honor, I'm not here to dispute Mr. Austin's

24  version of events.  But I have checked with our staff, and I

25  know that all of the items were mailed out.  They weren't
```

1  returned to our office.  And I just had no reason to believe

2  that Mr. Austin hadn't received them.  I certainly didn't hear

3  from Mr. Austin after the 30-day period ran on the discovery

4  requests he submitted to our office, and the first that I have

5  heard from him since August 8th was when the Court entered its

6  order on the show cause issue.  So I guess we're equally at a

7  loss as far as that's concerned.

8          MR. AUSTIN:  Well, Judge, actually, I --

9          THE COURT:  Mr. McKoon --

10         MR. AUSTIN:  -- I was waiting for --

11         THE COURT:  I'm sorry.  Mr. Austin.

12         MR. AUSTIN:  -- the defendant to respond --

13         THE COURT:  Mr. Austin.  Mr. Austin, when I talk,

14 everybody stops talking.

15         Now, Mr. Austin, I'm going to go back to the question

16 that I initially asked.  How long do you need to give Mr. McKoon

17 the responses to which he is entitled to a response?

18         MR. AUSTIN:  Judge, I -- I would -- I'm trying to

19 recall how much time I would need.  Because I have not really

20 gone over the documents in their entirety.  What would, in

21 estimation of the Court, time -- would be a reasonable amount

22 of time?  And I would certainly oblige the Court in that

23 respect.

24         THE COURT:  Well, Mr. Austin, the time, really, is come

25 and gone where you were supposed to respond.  Now --

1            MR. AUSTIN:  Yes, sir.

2            THE COURT:  -- I understand that you said that you

3    didn't get them.

4            MR. AUSTIN:  No, sir, I did not.

5            THE COURT:  And I'm not disputing that you did or you

6    didn't.  But I'm in a quandary here in as much as you're the

7    plaintiff, Mr. Austin.

8            MR. AUSTIN:  I am.

9            THE COURT:  And a plaintiff, when they file a lawsuit,

10   should be ready to litigate.  Because you're the one who claims

11   that you were done wrong.  And so for you to get your lawsuit

12   to its conclusion, it's incumbent upon you.  I think a

13   plaintiff in all cases ought to be the one that is more diligent

14   than anybody, because you -- I start off with the assumption

15   that a plaintiff does have some reason to complain, and that

16   when somebody files a lawsuit, they're ready to get it over

17   with.

18           MR. AUSTIN:  I am, Your Honor.

19           THE COURT:  Well, then, I'll tell you what I'm going

20   to do.  What I'm going to do is this.  I'm going to sit down and

21   I'm going to draft an order, and I'm going to look at this

22   motion that has been filed to amend the scheduling order.  But I

23   think I told you, Mr. Austin, during my initial meeting with you

24   when I set out the initial schedule that there were certain

25   things that have to be done.  And I cannot give you advice and

1  I cannot hold you to any lesser standard than that of a person

2  who is represented by somebody who is an attorney.  To the

3  extent you don't understand the discovery request, I can't help

4  you.

5          MR. AUSTIN:  Yes, sir.

6          THE COURT:  To the extent things don't get done by you,

7  Mr. Austin, I can't help you.

8          MR. AUSTIN:  Yes, sir.

9          THE COURT:  So you're going to have to figure out on

10  your own what needs to be done and get things done by the

11  deadlines that have been set.  Mr. McKoon has asked me to amend

12  the scheduling order, and I believe he has requested that the

13  deadline be changed for dispositive motions.

14          MR. AUSTIN:  Yes, sir.  Your Honor, if I may?

15          THE COURT:  So with that in mind, I need to consider

16  that.  And what I'm thinking about doing, Mr. Austin, is setting

17  out just a whole new schedule so that you will know -- now that

18  you have gotten from the defendant what you need, I'm going to

19  tell you that there are certain things that Mr. McKoon is

20  entitled to have from you.  And I think it would behoove you to

21  get together with Mr. McKoon, and to the extent that you don't

22  understand what he's asking you for, you can determine what it

23  is that he's seeking so that you can provide him an answer to

24  that.  And that will get you to the next step.  But he's

25  entitled to receive certain things from you, and if he doesn't

1   receive them within the times that he requests them, he can file

2   a motion with the Court saying that because you're not playing

3   by the rules, he's going to ask -- he can ask that your case be

4   dismissed.  And if he does that, then I may be compelled to do

5   that, and your lawsuit is gone, however meritorious it may be.

6          Mr. Austin, even if you're entitled to recover in this

7   case -- to win in layman terms -- and I don't know that you are

8   or are not.  I'm not trying to pass judgment on that.  But even

9   if you have a case that you should win, if you don't meet the

10  requirements of the rules, your case will be gone and there will

11  be nothing I can do to stop it or should do.  Do you

12  understand?

13          MR. AUSTIN:  Yes, sir.  May I respond, Judge?

14          THE COURT:  Well, really, there's nothing for you to

15  respond to right now, Mr. Austin.  As I understand the case, you

16  have received the discovery which you requested from the

17  defendants.  Am I correct?  That's --

18          MR. AUSTIN:  No, sir.  No, sir, I have not.

19          THE COURT:  Well, you've received -- you've made your

20  requests, and they've delivered to you what they believe that

21  you should have, correct?

22          MR. AUSTIN:  Your Honor, I can't speak for them.  I

23  know specifically what I requested, and I have yet to receive

24  one document from the defendants that I have actually requested.

25          THE COURT:  Well, Mr. McKoon --

 1          MR. AUSTIN:  Actually, what the defendant did, the

 2   defendant returned a couple of documents that I had already

 3   exhibited to them in my initial disclosures, which were my

 4   documents.

 5          THE COURT:  Mr. McKoon, have you given him what you

 6   believe to be responsive to the request that he's made?

 7          MR. McKOON:  Yes, Your Honor.  As I mentioned in one of

 8   the motions I filed with the court yesterday, we did lodge

 9   objections to certain discovery requests, and obviously, we

10   stand on those objections.  And if Mr. Austin wants to go

11   forward and believes that he's entitled to some of the

12   information that we've objected to the disclosure of, we're

13   certainly willing to address that issue at the appropriate

14   time.  And that was really one of the bases for the motion to

15   amend the scheduling order, because I felt that not only do the

16   defendants need to be able to get the discovery that they're

17   entitled to, but that I knew that Mr. Austin might want to

18   contest some of the objections that we had lodged.  And it

19   sounds to me like he might want to do that.  But we did, indeed,

20   fully and completely in our view respond to both his

21   interrogatories and requests for production of documents, again,

22   objecting in those areas where we felt that his requests or

23   interrogatory was objectionable.

24          THE COURT:  So what that means, Mr. Austin, is whether

25   you agree with it or not, whether you like it or not, they have

1   given you what they feel that under the rules they are required

2   to give you.  If that does not satisfy you, then it's on you to

3   do what you need to do to try to get those other documents from

4   them that you feel that you're entitled to get.  Now, even if

5   they are wrong and have not given you what you're entitled to

6   get, they're entitled to get from you what they are entitled to

7   under the rules.

8           MR. AUSTIN:  Yes, sir.

9           THE COURT:  And the burden is on you to give them to --

10  what they're entitled to get.  And it's up to you to make

11  arrangements with Mr. McKoon to transmit to him whatever data

12  he's entitled to.

13          So what I'm going to do at this point is I'm going to

14  review these motions to compel responses to discovery.  And

15  Mr. Austin, I think it might behoove you to get together with

16  Mr. McKoon to try to resolve that issue.  And it's on you to

17  respond, if you decide to, to his motion to compel, and I will

18  consider the motion to compel and the motion to amend the

19  scheduling order.  But to the extent, Mr. Austin, that I amend

20  the scheduling order, I'm not going to be amenable to changing

21  it any more, and either deadlines are met or they're not.  And

22  if they're not, then I'm going to leave it to Mr. McKoon to file

23  whatever documents necessary to protect his client, which may

24  mean, Mr. Austin, that your case goes away.  Please don't take

25  my reconsideration of the deadlines that have been previously

1  set as an unwillingness to enforce them.

2          I realize, Mr. Austin, that you're not an attorney and

3  that you don't understand all of the things that an attorney

4  should understand or would understand, but I can't be your

5  attorney.  I can't help you out, so to speak.  I'm here to move

6  this case along toward its conclusion.  And I just want you to

7  know, once I set a new deadline schedule and if I do set a new

8  deadline schedule, then you will be expected to act

9  accordingly.

10          Certain documents have been filed by Mr. McKoon.  Have

11  you received those?  Have you received the motion to compel

12  responses to discovery?  Mr. Austin?

13          MR. AUSTIN:  Yes, sir.

14          THE COURT:  Did you receive the motion to compel

15  responses to discovery?

16          MR. AUSTIN:  I did via fax yesterday.  Yes, sir.

17          THE COURT:  Did you receive a copy of the motion to

18  amend the scheduling order?

19          MR. AUSTIN:  I did, Your Honor, and I wanted to respond

20  to that, if I may.

21          THE COURT:  Well, the proper way for you to respond to

22  that is to file your response.

23          MR. AUSTIN:  Okay.

24          THE COURT:  And when you file your response, if you

25  decide to file a response, then if I need to, I will hold a

1   hearing.

2           MR. AUSTIN:  Yes, sir.

3           (Brief pause in the proceedings)

4           MR. McKOON:  Hello?

5           MR. AUSTIN:  Yes.

6           THE COURT:  I'm sorry.  I was having a conversation.

7           MR. McKOON:  I apologize, Your Honor.  I just wanted to

8   make sure we hadn't dropped the call.

9           THE COURT:  You still there, Mr. Austin?

10          MR. AUSTIN:  Yes, sir, I am, Judge.

11          THE COURT:  What I'm going to do is this.  Mr. Austin,

12  I'm going to give you until next Friday to respond.

13          MR. AUSTIN:  Your Honor, you're fading a little.

14  You're going to give me until when?

15          THE COURT:  Next Friday to respond to these two

16  motions.

17          MR. AUSTIN:  Yes, sir.  Next Friday?  Okay.

18          THE COURT:  My intention or my inclination at this

19  point will be to amend the scheduling order to make everything

20  come due by the end of January.

21          MR. AUSTIN:  Okay.  What -- with due respect to the

22  Court, if that's the judge's inclination at the moment, then I

23  will accept that and I won't bother to file.

24          THE COURT:  Well, then, in the amended scheduling

25  order, I would suggest that you and Mr. McKoon talk with the

1   idea that the end of January will be when everything is

2   concluded.

3          MR. AUSTIN:  Yes, sir.

4          THE COURT:  Because as I understand it, this case is

5   set for trial, if it continues on as it currently is, in April

6   of 2008.  And by setting everything being due the end of

7   January, it will still allow us to stay on track for the April

8   2008 term.  So any response you want to file to these two

9   motions would be due next Friday.

10         MR. AUSTIN:  Yes, sir.  Well, as I've indicated, Your

11  Honor, I've heard the Court and I respect the Court stating up

12  front that chances are it's going to rule that we have an

13  amended scheduling order, so I'm amenable to that.

14         THE COURT:  Okay.  Well, there's still the motion to

15  compel responses to discovery that you need to consider whether

16  you want to file a response to or not.  And that --

17         MR. AUSTIN:  No, sir, I would not respond -- I will

18  not.  No, sir, I won't.  I will meet with Mr. McKoon, and

19  whatever Mr. McKoon wants, he'll get.  I've always been that

20  way.  I've always been available to him.  I just never receive

21  anything from him.

22         THE COURT:  Well, I'm going to leave it to you --

23         MR. AUSTIN:  Yes, sir.

24         THE COURT:  -- and him.  In fact, why don't y'all

25  decide this now, where you're going to get together with

1  Mr. McKoon?

2          MR. AUSTIN:  Yes, sir.

3          THE COURT:  And I want that to be done by next Friday,

4  since you're amenable to doing that.

5          MR. AUSTIN:  Yes, sir.  Okay.

6          THE COURT:  And the two of you can decide right now

7  when you're going to meet between now and next Friday.

8          MR. AUSTIN:  Well, Mr. McKoon, what does your schedule

9  look like?

10          MR. McKOON:  I can -- I'm fairly tied up this week,

11  but I could meet either Wednesday, any time on Wednesday, or --

12  Monday, Wednesday, or Thursday.  I think Tuesday is Christmas,

13  but Monday, Wednesday, or Thursday, I could meet any of those.

14          MR. AUSTIN:  If you give me a date, sir, I'll calendar

15  it and I'll meet you.

16          MR. McKOON:  Okay.  Do you just want to plan on meeting

17  Monday, the 24th?

18          MR. AUSTIN:  That will be fine by me, sir.

19          MR. McKOON:  Okay.  Do you want to meet at the library

20  any Opelika?

21          MR. AUSTIN:  Yes, sir.  Monday the 24th.  What time?

22          MR. McKOON:  Do you just want to say one o'clock in the

23  afternoon like last time?

24          MR. AUSTIN:  Yes, sir.

25          MR. McKOON:  Okay.  And that will be central time.

```
 1              MR. AUSTIN:  Yes, sir.

 2              MR. McKOON:  Okay.

 3              THE COURT:  All right.

 4              MR. AUSTIN:  And specifically what will you be

 5   requesting at that time from me?

 6              THE COURT:  Okay.  Now, I don't need to be part of this

 7   conversation that you're having.

 8              MR. McKOON:  Yes, sir, Your Honor.

 9              THE COURT:  Mr. Austin and Mr. McKoon, do y'all have

10   each other's phone numbers?

11              MR. AUSTIN:  We do.

12              THE COURT:  Okay.  Well, what I'm going to do, then, is

13   deny this motion to compel responses to discovery as moot since

14   Mr. Austin and --

15              MR. AUSTIN:  Yes, sir.

16              THE COURT:  -- Mr. McKoon -- or -- I'll tell you what.

17   If I don't hear something by Tuesday -- well, Wednesday, I will

18   assume that this motion is moot because of the meeting that

19   you're going to have.

20              MR. AUSTIN:  Okay.

21              THE COURT:  And Mr. McKoon, if after your meeting

22   there -- I think you'll have a better motion if you choose to

23   file one after that --

24              MR. McKOON:  Yes, Your Honor.

25              THE COURT:  -- related to the discovery.  So I'll wait
```

```
 1   and see if you file any motions, but I guess I can go ahead and
 2   deny this one as moot.
 3            MR. McKOON:  Yes, Your Honor.
 4            THE COURT:  And give you the opportunity if you need to
 5   after your meeting on Monday to file whatever you think needs to
 6   be filed, if anything, and I will plan to amend the scheduling
 7   order.
 8            Okay.  Is there anything further from the plaintiff?
 9            MR. AUSTIN:  Yes, sir.  Judge, once you amend the
10   scheduling order, I'm assuming I will get a copy?
11            THE COURT:  Yes.
12            MR. AUSTIN:  Okay.
13            THE COURT:  As a matter of fact, I will probably put
14   one together today or tomorrow.
15            MR. AUSTIN:  Yes, sir.
16            THE COURT:  And we have your address, I believe.
17            MR. AUSTIN:  Yes, sir.
18            THE COURT:  And I'll tell you what, Mr. McKoon.  When
19   you go to -- when you do meet on Monday --
20            MR. McKOON:  Yes, sir, Your Honor.
21            THE COURT:  -- if you would carry with you a copy of
22   the amended scheduling order as well, that way we'll be sure
23   Mr. Austin has a copy.
24            MR. McKOON:  I will, Your Honor.
25            THE COURT:  And Mr. Austin, those deadlines will be
```

1  critical.

2        MR. AUSTIN:  Yes, sir.  Well, Your Honor, in all

3  fairness, I have always received your orders, you know, in

4  the mail.  I've never had one where I didn't.  I've just not

5  been able to receive the defendant's.  And of course, in my

6  case, during the discovery I determined that it would be best

7  if I certified my mail to him, which I have certified receipts

8  for, of all the discovery documents that I sent him.  But, now,

9  I do note that he mentioned to me -- and I believe he did also

10  in writing -- that he had sent not only those discovery

11  requests, but that he also had in the process did follow-up

12  letters and facsimiles as well as telephone calls.  And I would

13  ask Mr. McKoon later on if he would provide me with at least

14  that information, and then that will verify if, in fact, I

15  received, you know, the mail.  Because I never received it.  I'm

16  not saying that he didn't mail it, but I have no verification,

17  you know, on this end.  You know, I've never received it.

18        But, now, with his, I have verification.  Brittany is

19  the one who signed for all this -- for all the documents I sent

20  to him.

21        THE COURT:  Well, I'm not going to tell Mr. McKoon how

22  to practice law.

23        MR. AUSTIN:  Yes, sir.

24        THE COURT:  But it may behoove you, Mr. McKoon, in

25  light of the fact that Mr. Austin says that he's not receiving

1    these things, that you do something to as best you can document

2    his receipt of those things.

3              But, Mr. Austin, there is a rule of law that you may

4    not be aware of that if an item is mailed and not returned, then

5    the presumption is that it got to the destination to which it

6    was sent.

7              MR. AUSTIN:  Yes, sir.

8              THE COURT:  Now, I sympathize if something was mailed

9    and you didn't get it, but you have to understand that we have

10   to assume that items that are mailed get to where they're

11   going.  We do that for a number of reasons.  One, in all but a

12   very small percentage of cases, when something is mailed, it

13   does get to the location to which it is sent.  But number two,

14   it would be very easy -- and I'm not saying you're doing this,

15   but it would be very easy for any person who might be getting

16   something that's not necessarily something that they want to get

17   to claim that they haven't gotten it.

18             MR. AUSTIN:  Yes, sir.

19             THE COURT:  And so he has your correct address; am I

20   right?

21             MR. AUSTIN:  He does.  He also has the facsimile

22   number.

23             THE COURT:  So I'm not going to tell Mr. McKoon he's

24   got to do that.  It may be prudent for him to certify, but I'll

25   leave that to him.  So to the extent you haven't gotten

1  something, when y'all have a conversation, if there's things you

2  think that he claims that were mailed to you that you haven't

3  received --

4          MR. AUSTIN:  Yes, sir.

5          THE COURT:  -- you let him know what you didn't get.

6  And y'all can talk about that Monday and make arrangements, or

7  y'all can talk when we get off of this conversation and y'all

8  make whatever arrangements you need to.  But Mr. Austin, this

9  case is moving along.  It's moving along because you filed this

10 lawsuit, and it will conclude and we will finish the discovery

11 phase whether it's to your satisfaction or not or Mr. McKoon's

12 satisfaction or not.

13         MR. AUSTIN:  Yes, sir.

14         THE COURT:  Is there anything further from you,

15 Mr. Austin?

16         MR. AUSTIN:  Well, yes, sir, one thing.  And that is

17 hopefully -- I'm trying to impress upon the Court how important

18 it is for verification.  I do understand the Court's position

19 when he says that people can say that they didn't get something

20 when, in fact, they got it, but -- I mean, I've been looking

21 forward to this litigation with Mr. McKoon.  Because as I look

22 here upon this agreement, I see that the final list of witnesses

23 and exhibits are due Thursday.  And so, you know, I was looking

24 for that.  And then I see we have a pretrial conference

25 scheduled for January the 30th.  And so I -- you know, I'm

1    fairly amenable to what's going on, but I just -- only thing I

2    would request, that he would at least have verification of what

3    he sent.  And then I -- the burden would then switch to me to --

4    you know, because once he has verification, then I'm a dead

5    duck.  That's the only thing I'm saying.  So, I mean, I have my

6    verifications, and he does not.  It's just -- it's just a

7    little -- kind of difficult for me if I don't receive it.  And I

8    know if I say I don't get it, oftentimes I have no proof, you

9    know, and so -- but in all honesty, I've received a number of

10   documents yesterday via facsimile, and I'm very appreciative,

11   and he also -- you know, I received those documents on the 14th

12   when we met face to face.  The only problem is those documents

13   were due much earlier during the discovery period, you know.

14   That's the only thing I'm concerned with as a plaintiff.  But, I

15   mean, I can appreciate his position, I can appreciate the

16   Court's position, and I thank the judge for his time.

17         THE COURT:  Okay.  Anything further from you,

18   Mr. Austin?

19         MR. AUSTIN:  No, sir.  Thank you, Judge.

20         THE COURT:  Mr. McKoon, anything from you?

21         MR. McKOON:  No, sir, Your Honor.  Thank you.

22         THE COURT:  Okay.  Court's adjourned.

23     (Proceedings concluded at 9:24 a.m.)

24              * * * * * * * * * * * * *

25

```
  1                    COURT REPORTER'S CERTIFICATE

  2           I certify that the foregoing is a correct transcript

  3    to the best of my ability from the official sound recording of

  4    the proceedings in the above-entitled matter.

  5           This 19th day of May 2008.

  6

  7

  8                              /s/ Patricia G. Starkie
                                 Registered Diplomate Reporter
  9                              Certified Realtime Reporter
                                 Official Court Reporter
 10

 11

 12

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24

 25
```